■ EDITH LEBOVIC et al., Respondents, v. P. BALLANTINE & SONS, INC., et al., Defendants. DAVID LEVINE, Appellant.— In an action to recover damages for personal injuries, the plaintiffs' former attorney, David Levine, appeals from so much of an order of the Supreme Court, Kings County, dated June 13, 1960, as: (1) in its second decretal paragraph directs him, upon the payment to him of the sum of $90.70 for his expenses and disbursements, to turn over to the plaintiffs' substituted attorney, Stanley D. Applebaum, all papers, medical reports, witnesses' statements and photographs in his (Levine's) possession; and (2) in its third decretal paragraph directs that in the event of a recovery in the action, said former attorney (Levine) be paid the additional sum of $350 " when said recovery is received by the plaintiffs and their attorney." Order modified by striking out the said two ordering paragraphs and by substituting therefor one paragraph fixing, on a *quantum meruit* basis, at $350 the value of the services rendered by attorney Levine to the plaintiffs; and another paragraph directing that, upon payment to attorney Levine of the sum of $350 for the services rendered by him to the plaintiffs and of the sum of $90.70 for his expenses and disbursements on their behalf, he shall surrender to them or to their present attorney Applebaum, all the medical reports, witnesses' statements, photographs and other papers relating to their (plaintiffs') cause of action in his (Levine's) possession or control. As so modified, order insofar as appealed from affirmed, without costs. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. Attorney Levine was duly retained by plaintiffs to institute this action. Thereafter and before any action was commenced, plaintiffs became dissatisfied with his services and superseded him with their present attorney, who thereupon instituted the action. Plaintiffs then petitioned the court for an order directing attorney Levine to turn over to their present attorney all papers and documents in his (Levine's) possession and to establish the reasonable value of his services. Since he had failed to institute any action prior to his discharge, the statutory lien under section 475 of the Judiciary Law did not come into being. He did, however, acquire a retaining lien on the papers — a lien which depends upon his continued possession of them (cf. *Robinson* v. *Rogers,* 237 N. Y. 467). But unlike a charging lien, such retaining lien could not be enforced as a lien on the proceeds of the action (cf. *Matter of Cooper* [*McCauley*], 291 N. Y. 255, 260). Attorney Levine also acquired a right to compensation *quantum meruit* immediately upon his discharge (*Matter of Tillman,* 259 N. Y. 133, 136). The order appealed from, however, made the payment for his services contingent upon a recovery by plaintiffs in the action. His compliance with such order would necessarily destroy his retaining lien for the value of his services (cf. *Matter of*

*McNally* v. *Youngs,* 237 App. Div. 787, appeal dismissed 262 N. Y. 526). We do not pass upon the power of the Special Term to direct an attorney who has a retaining lien, to surrender property in his possession subject to the lien, upon the furnishing to him of adequate security to protect his lien. Here, since no security was directed to be given, the attorney should not have been compelled to turn over the papers except upon payment in full for his services and disbursements. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.