■ RICHARD BRILL, Appellant, v CHIEN YUAN KAO et al., Respondents.— In an action by an attorney on a retainer agreement, plaintiff appeals from (1) an order of the Supreme Court, Westchester County, entered July 1, 1977, which denied his motion to modify the defendants' demand for a bill of particulars and (2) a further order of the same court, entered July 20, 1977, which denied his motion to dismiss the defendants' affirmative defenses and counterclaims. Order entered July 1, 1977 modified, by adding

thereto, after the provision that the motion is denied, the following: "except that item '6 (c) ii' is stricken from the defendants' demand for a bill of particulars". As so modified, order affirmed, without costs or disbursements. Order entered July 20, 1977 affirmed, with $50 costs and disbursements. It is an implied term of the contract of retainer between attorney and client that the client may terminate the contract at any time with or without cause *(Martin v Camp,* 219 NY 170, 174). Where an attorney retained for a specific purpose under an express contract is discharged without cause before completion of the agreed-for services, the attorney's right to recovery is limited to a cause of action in *quantum meruit* for services rendered up to the time of the discharge *(Martin v Camp, supra).* The agreement of retainer cannot be partially abrogated. After cancellation the agreed rate of compensation no longer serves to establish the sole standard for the attorney's compensation, but may be taken into consideration together with other elements as a guide for ascertaining *quantum meruit (Matter of Tillman [Komar],* 259 NY 133). Item "6 (c) ii" of the defendants' demand for a bill of particulars should be stricken as it seeks disclosure of the identity of witnesses not properly obtainable by a bill of particulars (see *Aimatop Rest. v Liberty Mut. Fire Ins. Co.,* 46 AD2d 877). The motion to dismiss the affirmative defenses and counterclaims was properly denied. Latham, J. P., Damiani, Suozzi and Gulotta, JJ., concur.