■ MARIA RELLA, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 65656.) — Order of the Court of Claims (Lengyel, J.), dated July 17, 1981, affirmed, with $50 costs and disbursements. (See *Walach v State of New York*, 91 Misc 2d 167, affd 69 AD2d 1015; *Block v New York State Thruway Auth.*, 69 AD2d 930; *Cole v State of New York*, 64 AD2d 1023.) Claimant's time to serve the claim, if it has not already been served, is extended until 20 days after service upon her of a copy of the order to be made hereon, with notice of entry. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.

■ In the Matter of JOHN F. CORDES, JR., Respondent, v PURCELL, FRITZ & INGRAO, Also Known as PURCELL, FRITZ & INGRAO, P.C., et al., Appellants. — Appeal, as limited by appellants' brief, from so much of an order of the Supreme Court, Suffolk County (McInerney, J.), dated February 26, 1982, as held that the outgoing attorney's lien should be computed on the basis of *quantum meruit* to be determined when each case in question is settled or decided by trial. Order modified, on the law, by deleting from the last sentence of said order the words "on the basis of quantum meruit" and substituting therefor "on a contingent percentage based upon *quantum meruit*". As so modified, order affirmed, insofar as appealed from, with $50 costs and disbursements to appellants. Where, as here, the issue is primarily or exclusively between the attorneys and not as between the client and attorney, the outgoing attorney has the right to elect whether he will take his compensation on the basis of a presently fixed *quantum meruit* dollar amount, or whether, still on the basis of *quantum meruit*, he will take a contingent percentage to be determined at the conclusion of the case (*Paulsen v Halpin*, 74 AD2d 990; *Reubenbaum v B. & H. Express*, 6 AD2d 47; *Kern v Karnbach*, 27 AD2d 954). The outgoing attorneys in the instant case have elected to take a contingent percentage. Accordingly, the order should be modified to reflect such election. Damiani, J. P., O'Connor, Thompson and Brown, JJ., concur.

■ In the Matter of JANET K., Respondent, v JOSEPH M., Appellant. — In a paternity proceeding, the putative father appeals from (1) an order of filiation of the Family Court, Queens County (Palmer, J.), dated July 8, 1981 and (2) a temporary order of support of the same court (Corrado, J.), dated November 17, 1981. (We deem the notice of appeal dated December 10, 1981 to be a premature notice of appeal from the final order of support of the same court [Gartenstein, J.], dated January 29, 1982.) Appeals from the orders dated July 8, 1981 and November 17, 1981 dismissed, without costs or disbursements (see Family Ct Act, § 1112). Order dated January 29, 1982 reversed, without costs or disbursements, orders dated July 8, 1981 and November 17, 1981 vacated, and the matter is remitted to the Family Court, Queens County, for further proceedings in accordance herewith. Over objection, petitioner was allowed to read from her personal diary and detail the exact dates when she and appellant allegedly had sexual relations. The record indicates that no foundation for such testimony was established. Therefore, the court erred in allowing such testimony and relying on it in making its determination. It is well established that paternity must be based on clear, convincing and entirely satisfactory evidence (*Matter of Department of Social Servs. of Orange County v Alan K.*, 69 AD2d 861; *Matter of Katherine S. v Jerry S.*, 67 AD2d 926). Accordingly, a new hearing is required. Note should be taken of sections 418 and 532 of the Family Court Act which permit the use of the human leucocyte antigen blood tissue test. The test is highly accurate on the issue of paternity. Lazer, J. P., Gulotta, Bracken and Boyers, JJ., concur.