■ LAI LING CHENG et al., as Coconservators of TERESA D. WONG, Conservatee, Plaintiffs, v MODANSKY LEASING CO., INC., et al., Defendants and Third-Party Plaintiffs, et al., Third-Party Defendants. EDWARD J. MURTAUGH, Nonparty Respondent-Appellant; LIPSIG, SULLIVAN & LIAPAKIS, P. C., Nonparty Appellant-Respondent.—In an action to recover damages for personal injuries, the plaintiffs' firm of successor attorneys, Lipsig, Sullivan and Liapakis, P. C. (hereinafter the Lipsig firm) appeals, and the plaintiffs' prior attorney Edward Murtaugh cross-appeals on the ground of inadequacy, from an order and judgment (one paper) of the Supreme Court, Dutchess County (Rosenblatt, J.), dated July 15, 1986, which, after a

hearing, awarded Murtaugh, the attorney who represented the plaintiffs in this matter prior to the commencement of the lawsuit, the principal sum of $108,000, representing 20% of the total attorney's fee in the underlying lawsuit and the balance to the Lipsig firm.

Ordered that the order and judgment is modified, by reducing the award to Murtaugh to the principal sum of $35,000; as so modified, the order and judgment is affirmed, with costs to the Lipsig firm, and the matter is remitted to the Supreme Court, Dutchess County, for entry of an appropriate amended judgment, which shall be paid in full within 30 days after service upon the Lipsig firm of a copy of the amended judgment, with notice of entry.

On September 27, 1982, the plaintiffs' conservatee, Teresa Wong, sustained massive injuries when her vehicle collided with a tractor trailer that had jackknifed and crossed over into the opposite lane of traffic in which Wong was proceeding. The accident resulted in Ms. Wong's permanent mental and physical incapacitation.

That same evening, Ms. Wong's mother and uncle retained a local Dutchess County lawyer, Edward Murtaugh, to prosecute their claim for damages for Ms. Wong's injuries against the driver and corporate lessor and lessee of the tractor trailer on a one-third contingency basis. Murtaugh performed numerous preliminary services for the plaintiffs but did not commence a lawsuit. On April 21, 1983, the plaintiffs discharged Murtaugh, without cause, and retained the Lipsig firm, again on a one-third contingency basis, to pursue their lawsuit. In a letter to Murtaugh dated May 2, 1983, the Lipsig firm acknowledged Murtaugh's lien for prior legal services, which it was agreed would be determined by the court at the conclusion of the litigation. The Lipsig firm thereafter performed all the legal work on the case. Some months before the case was scheduled to come to trial, the Lipsig firm settled it for $1,800,000 out of the defendant's $2,000,000 policy. The attorney's fee was set by the court at $540,000. No agreement having been reached as to the amount due to Murtaugh, various motions were brought and a hearing was held, resulting in a ruling that 20% of this fee, or $108,000, plus interest, should be paid to Murtaugh. On appeal, both attorneys contest this figure, the Lipsig firm arguing that it is excessive, and Murtaugh alleging that it is inadequate.

On appeal, the Lipsig firm argues that because Murtaugh never instituted a lawsuit before he was discharged, he never

became their attorney of record, so that he is entitled only to a fixed quantum meruit fee for his preliminary services, and not to a contingent percentage of the recovery under Judiciary Law § 475. The Lipsig firm also contends that the award of an attorney's fee of $108,000 for preaction work alone was grossly excessive.

Murtaugh counters that he became attorney of record when he arranged for the plaintiffs' conservatorship, and that he is therefore entitled to a contingent percentage of the attorney's fee, based on quantum meruit. By Murtaugh's calculation, his contribution was equal to that of the Lipsig firm in that his prompt investigation established defendant's liability, so that he is entitled to 50% of the fee. The Supreme Court, Dutchess County, agreed with Mr. Murtaugh to the extent that it adjudged him entitled to a contingent percentage of the fee, although it estimated his contribution to be 20% rather than 50%.

We disagree with the award of a contingent percentage and with the size of the award for preaction services. By its plain language, Judiciary Law § 475 states that an attorney's charging lien, which attaches to the proceeds of a judgment or settlement to the recovery of which the attorney's work contributed, exists only "[f]rom the commencement of an action". In other words, a discharged attorney claiming a contingent percentage of the attorney's fee must have been the attorney of record for his lien to attach to the proceeds of a lawsuit "in whatever hands they may come". Thus, an attorney whose name nowhere appears in the pleadings, motion papers, affidavits, briefs or record in a plaintiff's action is not entitled to seek a contingent percentage charging lien under Judiciary Law § 475 (Rodriguez v City of New York, 66 NY2d 825). An attorney discharged before an action is commenced has the right to be compensated only on a flat quantum meruit basis (Turner v Steve Brody, Inc., 24 AD2d 904; Lebovic v Ballantine & Sons, 12 AD2d 494). Even where considerable preliminary work has been performed by a discharged attorney prior to commencement of the lawsuit, the courts have limited the recovery to strict quantum meruit (Matter of Feuerman, 199 Misc 936, 937).

However, courts have held that in ascertaining quantum meruit, elements such as the original retainer agreement between the client and the discharged attorney (Matter of Tillman, 259 NY 133, 135; Brill v Chien Yuan Kao, 61 AD2d 1000, 1001), as well as other factors, such as the size of the recovery (Reubenbaum v B. & H. Express, 6 AD2d 47, 49), may

be taken into account in determining an appropriate fee. Although concededly the *Tillman* and *Brill* cases involved disputes between attorney and client, while in *Reubenbaum* the fee contest was between incoming and outgoing attorneys of record, it seems reasonable to weigh the same factors in this case.

In the case at bar, Murtaugh never commenced an action and never became attorney of record. He is therefore entitled only to compensation based on quantum meruit with consideration given to the terms of his original retainer agreement with the plaintiffs and the substantial size of the recovery. Murtaugh testified at the hearing that he devoted approximately 100 hours to the case, performing a proper investigation of the accident, arranging for the appointment of conservators, and attending to a variety of tasks. A fee of $35,000 for such services would appear to be reasonable. Mr. Murtaugh should therefore be paid that sum with interest within 30 days after service upon the Lipsig firm of a copy of the amended judgment entered in accordance herewith. Kunzeman, J. P., Rubin, Harwood and Balletta, JJ., concur.