OPINION OF THE COURT
Simons, J.
This appeal involves a dispute between incoming and outgoing attorneys retained in a personal injury claim over the proper fee to be awarded to the outgoing attorney. The incoming attorneys contend that his fee should be determined on a fixed dollar amount based on the reasonable value of his services. The outgoing attorney asserts that he is entitled to a contingent percentage fee based on his proportionate contribution to the final recovery.
The underlying litigation involves a claim on behalf of plaintiffs’ conservatee, Teresa Wong. She sustained massive injuries permanently incapacitating her, both mentally and physically, when her vehicle collided with a tractor trailer that had jackknifed and crossed over into the opposite lane of traffic in which she was proceeding. Shortly after the accident, her mother and uncle retained appellant, Edward Murtaugh, to prosecute her claim against defendants and agreed to pay him a contingent fee measured by one third of the recovery. Murtaugh instituted conservatorship proceedings, investigated and gathered evidence of the accident, and performed various other preliminary services. Before he commenced an action, however, plaintiffs discharged him, without cause, and retained the law firm of respondent Lipsig, Sullivan and Liapakis, agreeing to pay them a contingent fee based on one third of the recovery also. At the time of the substitution, the *457 attorneys were unable to agree on the fee to be paid Murtaugh and, accordingly, the Lipsig firm sent a letter to him requesting that he turn over his file and acknowledging that he had a "lien for prior legal services rendered * * * the amount of which shall be subsequently determined at the conclusion of the litigation”. The letter provided that if the attorneys were unable to agree on the value of Murtaugh’s services at the conclusion of the action, the matter was to be submitted to a court for determination. Murtaugh accepted the terms of the letter by signing and returning a copy.
The Lipsig firm subsequently commenced a negligence action which was settled before trial for $1,800,000. The court set the attorney’s fee at $540,000, ordered the sum held until the apportionment of the fee between the attorneys was resolved and disbursed the remainder. When the attorneys could not agree, this proceeding was instituted. After a hearing Supreme Court determined that Murtaugh was entitled to a contingent percentage fee based on the proportionate share of the work he performed in the lawsuit. Analyzing the work of each party and their relative contributions to the resulting settlement, the court fixed Murtaugh’s percentage at 20% of the total fee ($108,000), plus interest.
The Appellate Division modified, holding that a discharged attorney claiming a contingent percentage of the attorney’s fee must have been the attorney of record, apparently believing that the attorney must have a lien pursuant to section 475 of the Judiciary Law to be entitled to such a fee. Because Murtaugh’s name did not appear on the "pleadings, motion papers, affidavits, briefs or record” of the case, the court found he had not become an attorney of record, was not entitled to a charging lien under Judiciary Law § 475, and therefore could not claim a contingent fee (137 AD2d 781, 783). Accordingly, it limited him to the reasonable value of his services measured by time and expenses. It deemed a fee of $35,000 reasonable and ordered that he be paid that sum with interest. We now reverse.
Under New York law a client may discharge an attorney at any time, with or without cause (Matter of Montgomery, 272 NY 323, 326; Reubenbaum v B. & H. Express, 6 AD2d 47, 48 [Breitel, J.]). When a client discharges an attorney without cause, the attorney is entitled to recover compensation from the client measured by the fair and reasonable value of the services rendered whether that be more or less than the *458 amount provided in the contract or retainer agreement (Matter of Montgomery, supra, at 326-327). As between them, either can require that the compensation be a fixed dollar amount determined at the time of discharge on the basis of quantum meruit (Reubenbaum v B. & H. Express, supra, at 48) or, in the alternative, they may agree that the attorney, in lieu of a presently fixed dollar amount, will receive a contingent percentage fee determined either at the time of substitution or at the conclusion of the case (id.).
Where the dispute is only between attorneys, however, the rules are somewhat different. The outgoing attorney may elect to take compensation on the basis of a presently fixed dollar amount based upon quantum meruit for the reasonable value of services or, in lieu thereof, the outgoing attorney has the right to elect a contingent percentage fee based on the proportionate share of the work performed on the whole case (Matter of Cordes v Purcell, Fritz & Ingrao, 89 AD2d 870; Paulsen v Halpin, 74 AD2d 990, 991; Reubenbaum v B. & H. Express, supra, at 49). The percentage may be fixed at the time of substitution but, as several courts have recognized, is better determined at the conclusion of the case when such factors as the amount of time spent by each lawyer on the case, the work performed and the amount of recovery can be ascertained (see, Matter of Cordes v Purcell, Fritz & Ingrao, 89 AD2d 870, supra; Paulsen v Halpin, supra, at 991; Reubenbaum v B. & H Express, supra, at 49; Buckley v Surface Transp. Corp., 277 App Div 224, 226).
Notwithstanding this rule, respondent contends, and the Appellate Division agreed, that to enjoy the right to elect a contingent percentage fee, the outgoing attorney must be an attorney of record entitled to the protection of a lien granted by section 475 of the Judiciary Law. Murtaugh maintains that his status as attorney of record is irrelevant to the determination of his fee. He concedes he has no rights under Judiciary Law § 475 but asserts he needs none; he possesses a contractual lien, granted in respondent’s letter, fully securing any fee he is entitled to for prior legal services without resort to the security provided by the statute. The only issue is how the amount of his fee is to be measured.
At the time of his discharge, Murtaugh possessed a common-law retaining lien on the client’s file in his possession which secured his right under New York law to the reasonable value of the services he performed (see, Lebovic v Ballan *459 tine & Sons, 12 AD2d 494). That lien depended upon his continued possession of the file. Immediately upon his discharge, he was entitled to be compensated in a fixed dollar amount, quantum meruit, before he released the file and thereby relinquished his lien (Matter of Weitling, 266 NY 184, 186-187; Turner v Steve Brody, Inc., 24 AD2d 904). When establishing such a fee, the court could take into consideration the original retainer agreement (see, Matter of Tillman, 259 NY 133, 135) but, contrary to the statement of the Appellate Division, it could not consider the size of the recovery. Indeed, if the fee is computed at the time of discharge, it is difficult to see how it could be considered.
Murtaugh’s present security arose when, in exchange for turning over the file, and thereby surrendering his rights under the retaining lien, he obtained from the Lipsig firm a contractual lien for prior legal services rendered in the action. The method of evaluating his fee, however, is independent of the security, whatever its source. Moreover, whether Murtaugh was an attorney of record was irrelevant to his right to elect between a fixed fee, measured by quantum meruit, or a contingent percentage fee, also measured by quantum meruit. The type of fee depends upon Murtaugh’s agreement with the Lipsig firm and whether it evidences his election of a contingent percentage fee.
Murtaugh claims that he elected a contingent percentage fee because the attorneys agreed in the letter that the amount of his fee would be "determined at the conclusion of the litigation”. We agree that, reasonably construed, this language provides that he was to be paid a percentage of the recovery. A fixed dollar fee based on the reasonable value of his services easily could have been calculated at the time of discharge without reference to the outcome of the litigation or the proportionate share of work performed by each lawyer. Inasmuch as the amount of the recovery played no part in evaluating that fee, there was no point in delaying payment of it. However, a contingent percentage fee is properly determined at the end of litigation when the amount of the recovery and the relative contributions of the lawyers to it can be ascertained (see, Buckley v Surface Transp. Co., supra).
Moreover, Lipsig’s interpretation of the agreement, as one providing only for fixed dollar amount, makes little sense from Murtaugh’s point of view because under that interpretation Murtaugh received no consideration for turning over his file. *460 He surrendered his lien in exchange for another to secure payment at a later date of a fee to which he was immediately entitled. Although the contract did not explicitly provide for a "contingent percentage” fee, under the circumstances of this case we conclude that the terms of the letter necessarily contemplated such a fee. If the letter was ambiguous because it did not state so explicitly, then its terms must be strictly construed against the drafter, Lipsig, Sullivan and Liapakis (see, Rentways, Inc. v O’Neill Milk & Cream Co., 308 NY 342, 348; Restatement [Second] of Contracts § 206).
Accordingly, the order should be reversed, with costs, and matter remitted to the Appellate Division, Second Department, for further proceedings in accordance with this opinion.
Chief Judge Wachtler and Judges Kaye, Alexander, Ti-tone, Hancock, Jr., and Bellacosa concur.
Order reversed, etc.