■ ESTHER J. MICHELS, Plaintiff, v TODD A. DREXLER et al., Defendants. GEORGE M. FABER, Nonparty Appellant; RICHARD L. GUMO, Nonparty Respondent.—In an action to recover damages for personal injuries, the plaintiff's successor attorney, George M. Faber appeals from a judgment of the Supreme Court, Nassau County (Saladino, J.), entered January 4, 1989, which, after a hearing, awarded the plaintiff's former attorney, Richard L. Gumo, the sum of $19,875 as his fee for work performed in the underlying lawsuit.

Ordered that the judgment is affirmed, with costs payable by the appellant George M. Faber personally.

Where, as here, the dispute is between the client's attorneys and not between the client and attorney, the outgoing attor-

ney has the right to elect whether he will take his compensation on the basis of a presently fixed dollar amount for the reasonable value of his services, or whether he will take a contingent percentage of the total fee, to be determined at the conclusion of the case *(Matter of Cordes v Purcell, Fritz & Ingrao,* 89 AD2d 870). In the case at bar, the former attorney, Richard L. Gumo, elected to have his fee determined at the conclusion of the case based upon a percentage of the recovery *(see, Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454). Under the facts and circumstances of this case, and in view of the quantity and quality of the services provided by both attorneys, we conclude that the Supreme Court did not improvidently exercise its discretion in fixing Gumo's fee at $19,875, which was approximately 15% of the total amount of attorneys' fees. Bracken, J. P., Harwood, Miller and Ritter, JJ., concur.