■ LUIS SOTO, Appellant, v ROOSEVELT ADAMS, Defendant, and RACHLIN & ZEMSKY, Nonparty Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals,

as limited by his brief, from (1) an order of the Supreme Court, Kings County (Held, J.), entered April 12, 1990, which awarded the plaintiff's former attorneys, Rachlin & Zemsky, attorneys' fees in the underlying lawsuit, and (2) an order of the same court, dated November 30, 1990, which denied his motion for renewal.

Ordered that the order entered April 12, 1990, is modified, by deleting the provision thereof awarding Rachlin & Zemsky 25% of $97,500 in the event this case is tried to a verdict, and substituting therefor a provision ordering that if the case is tried to a verdict, the trial court shall make a determination as to the apportionment of the fee at the conclusion of the trial; as so modified, the order entered April 12, 1990, is affirmed; and it is further,

Ordered that the order dated November 30, 1990, is affirmed; and it is further,

Ordered that Rachlin & Zemsky is awarded one bill of costs.

The law firm of Kresch & Kresch took over the representation of the plaintiff when the plaintiff discharged his prior attorneys, the law firm of Rachlin & Zemsky. Prior to the discharge, Rachlin & Zemsky had obtained a settlement offer of $97,500 (the defendant had insurance coverage of $100,000). When Rachlin & Zemsky refused to turn over the plaintiff's file, Kresch & Kresch moved to compel them to do so. In response, Rachlin & Zemsky requested attorneys' fees. In the order entered April 12, 1990, the court awarded Rachlin & Zemsky 25% of $97,500 if the case was tried to a verdict, 30% of the recovery if the case was settled for $100,000 or less, and $30,000 if the case was settled for more than $100,000. Then Kresch & Kresch moved to renew, claiming that Rachlin & Zemsky was discharged for cause and was not entitled to a fee. The court denied the motion for renewal. The appeals are from both the order setting the fee structure and the order denying renewal.

While we note that an apportionment of attorneys' fees is better determined at the conclusion of the case (see, Lai Ling Cheng v Modansky Leasing Co., 73 NY2d 454, 458), in this instance, the court did not improvidently exercise its discretion in rendering a determination prior to the conclusion of the case. The award to Rachlin & Zemsky of 30% of the recovery if the case is settled for $100,000 or less, and $30,000 if the case is settled for more than $100,000 contemplates a fair apportionment of the fee, taking into consideration the circumstances of this case, including the potential settlement negotiated by Rachlin & Zemsky.

However, that portion of the order entered April 12, 1990, which awards Rachlin & Zemsky 25% of $97,500 in the event the case is tried to a verdict, is improper, as it awards the firm $24,375, no matter what the verdict will be. Accordingly, we delete that provision of the order and substitute a provision directing that if the case is tried to a verdict, the trial court shall make a determination as to the apportionment of the fee at the conclusion of the trial.

The court did not err in denying the motion to renew. Much of the allegedly new facts presented in that motion were known to Kresch & Kresch when it made its original motion. Moreover, we find that Kresch & Kresch has not shown any connection between Rachlin & Zemsky's alleged failures in prosecuting the action, and any prejudice to the plaintiff's case. Furthermore, we do not agree that Kresch & Kresch's conclusory statements regarding Rachlin & Zemsky actions and/or inactions establish that Rachlin & Zemsky was discharged for cause and is not entitled to a fee.

We have considered Kresch & Kresch's remaining contentions and find them to be without merit. Mangano, P. J., Rosenblatt, Ritter and Santucci, JJ., concur.