OPINION OF THE COURT
John S. Lockman, J.
It is ordered that this motion by outgoing attorneys Fuchs-berg & Fuchsberg for an order pursuant to Judiciary Law § 475 fixing the amount of the lien of the outgoing attorneys is granted on the papers submitted pursuant to the stipulation of *344 counsel dated June 16, 1994, and Fuchsberg & Fuchsberg is awarded 20% of the attorney’s fees which totalled $208,061.42. Thus the fee of Fuchsberg & Fuchsberg is set at $41,612.28 and Edwin N. Weidman, incoming counsel, is directed to satisfy the lien so fixed out of the attorney’s fees recovered in this action, with any interest earned thereon in his escrow account from January 10, 1994.
When there is a dispute regarding attorney’s fees between incoming and outgoing counsel, the outgoing attorney "may elect to take compensation on the basis of a presently fixed dollar amount based upon quantum meruit for the reasonable value of services or, in lieu thereof, the outgoing attorney has the right to elect a contingent percentage fee based on the proportionate share of the work performed on the whole case” (Lai Ling Cheng v Modansky, 73 NY2d 454, 458). At the conclusion of the case the court may consider such factors as the amount of time spent by each lawyer on the case, the work performed and the amount of the recovery (Lai Ling Cheng v Modansky, supra). Here the outgoing attorney prepared the case up to the point of trial. The incoming attorney tried the issues of liability and then prosecuted an appeal. He then tried the issue of damages, there was another appeal and a posttrial motion regarding the appropriate interest to be awarded based upon new appellate authority. The court finds that under these circumstances, where there were two appeals and counsel fees paid to appellate attorneys out of the attorney’s fee award of $208,061.42, Fuchsberg & Fuchsberg should be awarded no more than 20% of that recovery based upon their pretrial litigation services, which appear to have required no unusual expenditure of time or effort.