OPINION OF THE COURT
Herman Cahn, J.
Defendant, Ivy Kenneth Blecher, Esq., an attorney, moves for an order of protection against a direction that he produce files for discovery and inspection to his former client, plaintiffs Bronx Jewish Boys, Bronx Jewish Girls, and Beth Aaron Synagogue Sisterhood (Bronx Jewish Boys). Defendant by his attorney refuses to produce the files on the grounds of his asserted Fifth Amendment privilege against self-incrimination and on the grounds that he did not represent plaintiffs in connection with the transaction at issue in this action.
Plaintiffs commenced this action to recover damages for breach of contract and negligence relating to a joint venture agreement into which plaintiffs entered. Issue was joined by service of answers on behalf of four of the defendants. No answers have yet been served by defendants Uniglobe, Inc., Trans-Euro Trading, Ltd. and Eva Teleki.
It is alleged in the complaint that plaintiffs entered into a joint venture agreement with Uniglobe, Inc. and Trans-Euro Trading, Ltd. for the purpose of purchasing a prime bank collateral delivery contract. It is further alleged that as part of the transaction plaintiffs were required to deposit a down payment of $300,000 and that Blecher’s legal fee was $50,000. It is further alleged that plaintiff issued five checks totalling $350,000, all of which were made payable to Barbara De-Cesare, Esq., as escrowee, upon the instructions of Blecher. Each of the checks was deposited with the following endorsement:
"Pay to Ivy Blecher "Barbara De Cesare "Ivy Blecher”.
Ms. DeCesare claims that her signature on the endorsements is a forgery.
Plaintiffs allege that Blecher had an inherent conflict of interest in that he was attorney for defendant Uniglobe, Inc., as well as for plaintiffs. Blecher maintains although he represented plaintiffs in connection with other matters, he did not represent plaintiffs in the transaction which forms the basis for this action. Accordingly, Blecher maintains that the file is not the property of plaintiffs.
*349 Blecher further asserts that, in the past, one of the plaintiffs principals filed complaints with a District Attorney’s office and with the Federal authorities against Blecher. Blecher asserts that the complaints dealt directly with the matters at issue, and accused Blecher of fraud and forgery. No criminal charges were filed but the Statutes of Limitations for potential charges have yet to expire. Blecher asserts that he does not have any knowledge as to whether these investigations are still pending.
This motion raises a question of apparent first impression in New York: whether an attorney may invoke his own Fifth Amendment privilege against self-incrimination in order to avoid producing a former client’s file for discovery and inspection, when the client himself seeks such discovery.
This court holds that an attorney retains his client’s files in a representative, not a possessory capacity; that is, the files belong to the client, with the attorney only having a lien thereon for payment of legal fees. Therefore, an attorney may not invoke the Fifth Amendment privilege against self-incrimination in order to avoid producing a former client’s file when the client seeks production of the file.
The dispositive issue is whether an attorney has any possessory interest in his client’s files. Without such a possessory interest, an attorney may not assert the Fifth Amendment against production of the files.
In the context of business records, if the party asserting the Fifth Amendment privilege has voluntarily compiled documents, the contents of the documents are not privileged. (United States v Doe, 465 US 605, 612, n 10 [1984].) Moreover, "the Fifth Amendment provides absolutely no protection for the contents of private papers of any kind.” (Supra, at 618 [concurring opn O’Connor, J.].)
It has also long been established that corporations and other collective entities possess no Fifth Amendment privilege. (See, e.g., Bellis v United States, 417 US 85, 88 [1974] [small law partnership]; Matter of Grand Jury v Kuriansky, 69 NY2d 232, 242 [1987] [an individual cannot rely upon the privilege to avoid producing the records of a collective entity which is in his possession in a representative capacity, even if these records might incriminate him personally]; see also, Braswell v United States, 487 US 99 [1988].) This is because the privilege of self-incrimination is a purely personal one and " 'the papers and effects which the privilege protects must be the private property of the person claiming the privilege, or at least in his possession in a purely personal capacity’ ” (Bellis v United *350 States, supra, 417 US, at 90 [quoting United States v White, 322 US 694, 699 (1944)]).
In Beilis (supra), the Court held that the possession of a law partnership’s financial records by an individual partner in a representative capacity, rendered his personal privilege against self-incrimination inapplicable, because the individual partner had no direct ownership interest in the documents. (Bellis v United States, supra, 417 US, at 97-98.) The Beilis Court looked to Pennsylvania law to establish that the individual partner’s interest in partnership documents was a derivative interest which did not permit him to claim the Fifth Amendment privilege. (Supra.) The Court in Beilis left open the question as to whether an attorney could claim the Fifth Amendment privilege when ordered to produce client files containing work which he had personally performed on behalf of clients. (Supra, at 98, n 9.)
The Tenth Circuit in In re Grand Jury Proceedings (Vargas) (727 F2d 941 [10th Cir 1984], cert denied sub nom. Vargas v United States, 469 US 819) addressed the question left open by footnote 9 in Beilis (supra), and held that an attorney could not assert the Fifth Amendment against producing the client’s files in response to a Grand Jury subpoena when the client had waived the attorney-client privilege. Client files belong to the client, and "the court may order them surrendered to the client * * * on the request of the client subject only to the attorney’s right to be protected in receiving compensation from the client for work done.” (In re Grand Jury Proceedings [Vargas], 727 F2d, at 944.) The attorney’s interest is only that of a retaining lien. (Supra.)
Under New York law, an attorney has a general possessory retaining lien which allows an attorney to keep a client’s file until his/her legal fee is paid. (See, Lai Ling Cheng v Modansky, 73 NY2d 454.) Implied in this is the rule that attorneys have no possessory rights in the client files other than to protect their fee. In other words, the file belongs to the client. Since Blecher makes no claim as to unpaid fees by plaintiffs, he can make no possessory claim to any of plaintiff’s files in his possession.
The rationale enunciated by the Vargas court (supra) is compelling, and is adopted by this court. Blecher will not be heard to assert a claim of Fifth Amendment privilege to avoid the court’s order to produce the client files for discovery and inspection.
Blecher is directed to produce all of the files relating to his representation of plaintiffs or any of them at any time, to *351 plaintiffs attorney within 10 days from the date of service of a copy of this decision/order on his attorney. As to any files Blecher claims relate to his representation of Uniglobe, Inc. and/or Trans-Euro Trading, Ltd., and not plaintiffs, and as to which plaintiffs claim he represented them or any of them, he is to furnish a list of said files to plaintiffs’ counsel within said time period, together with a written affirmation that he did not represent plaintiffs in connection therewith. Upon the request of any of the interested parties, the court will hold a hearing to determine whether Blecher represented plaintiffs or any of them in said matters.