■ Kathleen Pazienza, Plaintiff, v Richard G. Michetti, Sr., et al., Defendants. Finkelstein, Levine, Gittelsohn & Tetenbaum, Appellant; Daniel F. Gallivan, Respondent. [651

NYS2d 160] —In an action to recover damages for personal injuries, the plaintiff's former attorneys, Finkelstein, Levine, Gittelsohn & Tetenbaum, appeal from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated January 9, 1996, which granted the plaintiff's motion to determine counsel fees to the extent that the plaintiff's present counsel, Daniel F. Gallivan, was determined to be entitled to fees on "the additional $25,000 settlement".

Ordered that the order is affirmed, with costs.

The plaintiff was a passenger in a vehicle which was involved in a collision with another vehicle. The plaintiff retained the appellant to represent her, and while the appellant was representing the plaintiff, the plaintiff received a settlement offer of $75,000 from the defendants' insurer. The plaintiff rejected this offer, discharged the appellant, and retained new counsel—Daniel F. Gallivan. Soon thereafter, not knowing that the appellant had been discharged from representing the plaintiff, the defendant's insurer made an additional offer of $25,000 to the appellant, making the total offer $100,000. The parties agree that the appellant is entitled to its full fee on the initial $75,000 offer to the plaintiff, and it is the legal fee for the additional $25,000 which is the subject of this appeal. Since it is clear from the record that the additional $25,000 offered in settlement was not solicited by the appellant, we conclude that the Supreme Court did not improvidently exercise its discretion in awarding the fee on the additional $25,000 to the plaintiff's present counsel (*see generally, Lai Ling Cheng v Modansky,* 73 NY2d 454; *Michels v Drexler,* 166 AD2d 695). Miller, J. P., Ritter, Sullivan, Friedmann and Krausman, JJ., concur.