■ DOMINGO AYALA et al., Plaintiffs, v THE S. S. FORTALEZ et al., Defendants. BOSCO, BISIGNANO & MASCOLO, Appellant, v KENNETH HELLER et al., Respondents. [678 NYS2d 14] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered on or about January 24, 1997, which in a dispute between attorneys as to the division of a contingency fee earned in a maritime personal injury action, confirmed the Judicial Hearing Officer's (JHO) report fixing appellant's fee as a percentage of the total fee based on its proportionate contribution to the final recovery, unanimously affirmed, without costs.

While the JHO's finding that the attorneys in the personal injury action did not have an oral agreement to share any contingency fee equally turned largely on witness credibility (*see, Namer v 152-54-56 W. 15th St. Realty Corp.*, 108 AD2d 705), the record contains additional, nontestimonial and compelling evidence to support such finding. The stipulation the parties signed when respondent, a trial attorney who engaged appellant to do the pretrial work, asked for the file, provided that appellant's lien on any recovery was to be fixed by the court at the conclusion of the case, and was left utterly unexplained by appellant at the hearing. Indeed, it is questionable whether an agreement between attorneys to share a contingency fee equally would be enforceable (*see, Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454, 458). We have considered appellant's argument that an award of 15% of the fee does not fairly reflect its contribution to the outcome of the personal injury action, and find it to be without merit. Concur—Sullivan, J. P., Nardelli, Rubin, Tom and Mazzarelli, JJ.