■ MIKHAIL KATS, Plaintiff, v LOUIS MISSRY et al., Defendants. ALEXANDER DRANOV, Nonparty Appellant; BARON ASSOCIATES, P. C., Nonparty Respondent. [707 NYS2d 206] —In an action to recover damages for personal injuries, Alexander Dranov, the plaintiff's former attorney, appeals from an order of the Supreme Court, Kings County (Reinaldo E. Rivera, J.), dated June 25, 1999, which, upon a motion by Baron Associates, P. C., the plaintiff's current attorney, for, *inter alia*, a determination of the former attorney's right to a retaining or charging lien and the amount of counsel fees, if any, due the former attorney, determined, *inter alia*, that the former attorney had no right to a retaining or charging lien and that, absent a hearing, the former attorney was not entitled to additional counsel fees.

Ordered that the appeal from so much of the order as declined to impose sanctions upon the former attorney is dismissed, as the former attorney is not aggrieved by that portion of the order; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the nonparty respondent is awarded one bill of costs.

The Supreme Court properly determined that the plaintiff's former attorney, Alexander Dranov, was not entitled to a retaining lien on the file of his client because, upon his discharge without cause, Dranov turned over the file to the plaintiff's present attorney, the law firm of Baron Associates, P. C. (*see, Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454, 459; *Lebovic v Ballantine & Sons,* 12 AD2d 494). In addition, the court properly determined that Dranov was not entitled to a charging lien because he did not commence this action prior to his discharge (*see,* Judiciary Law § 475; *Lebovic v Ballantine & Sons, supra; Matter of Robinson,* 100 AD2d 724, 725).

The Supreme Court properly determined that a hearing was required on the amount of additional counsel fees due to Dranov, if any, beyond the $378 already paid to him for a no-fault administration service fee and costs. In light of the evidence already presented to the court, we find that Dranov elected to be paid a contingent percentage fee based on the proportionate share of the work that he performed on the whole case (*see, Lai Ling Cheng v Modansky Leasing Co., supra,* at 458; *Cordes v Purcell, Fritz & Ingrao,* 89 AD2d 870).

The appellant's remaining contentions are without merit. Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.