■ ROBERT M. GINSBERG et al., Appellants, v RUCHAMA GAMIEL et al., Respondents, et al., Defendant. [785 NYS2d 331]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered February 5, 2004, which, to the extent appealed from, granted the Curtis firm's motion for an order dismissing the complaint insofar as it alleged legal malpractice, and granted defendant Gamiel's motion for summary judgment dismissing the complaint, with sanctions, insofar as it alleged her bringing of a frivolous lawsuit against plaintiffs, unanimously affirmed, without costs. Order, same court and Justice, entered April 6, 2004, which, to the extent appealable, denied plaintiffs' motion to amend their complaint, unanimously affirmed, without costs.

Plaintiff attorneys commenced this action against a former client and the counsel she subsequently retained, alleging, inter alia, the new firm's fraudulent solicitation of the client's business, constituting legal malpractice, and the client's bringing of a frivolous malpractice action against them. It is axiomatic that a client may discharge an attorney at any time, with or without cause (*Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454, 457 [1989]). Plaintiffs do not challenge the dismissal of that portion of their complaint alleging breach of contract, and they apparently have never demanded compensation on the basis of quantum meruit for the work they performed for their former

client. Absent an indication that any of the matters they handled for the former client had a successful outcome, the complaint has clearly failed to plead a viable claim for any monetary payment.

Plaintiffs alleged, in their claim against the successor law firm, that their discharge was the result of dishonest and fraudulent solicitation by such firm, amounting to legal malpractice. But plaintiffs have failed to allege any of the requisite elements of fraud (*see Small v Lorillard Tobacco Co.*, 94 NY2d 43, 57 [1999]), and their assertion of malpractice as against defendant firm was precluded by a lack of requisite privity (*see Prudential Ins. Co. v Dewey, Ballantine, Bushby, Palmer & Wood*, 80 NY2d 377, 382 [1992]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Saxe, Williams and Sweeny, JJ.