■ STEPHANIE VENTO, Plaintiff, v CITY OF NEW YORK et al.,
Defendants. (And Third-Party Actions.) FITZGERALD & FITZGER-
ALD, P.C., Nonparty Appellant; SHAYNE, DACHS, STANISCI, CORKER
& SAUER, Nonparty Respondent. [807 NYS2d 54]—

Order, Supreme Court, New York County (Eileen Bransten,
J.), entered July 20, 2004, which, in a fee dispute between
nonparty appellant discharged law firm and nonparty respon-
dent substituted law firm, denied appellant's motion to reject
the report of the Special Referee recommending that appellant
be paid no fee, unanimously affirmed, without costs.

The Special Referee adhered to the scope of the reference,
which, reflecting appellant's own requests for a hearing unam-

biguously waiving the contingency fee provision in its retainer agreement (*cf. Lai Ling Cheng v Modansky Leasing* Co., 73 NY2d 454, 458 [1989]), ordered a report on the "reasonable value, if any" of appellant's services. Notably, the order of reference was not appealed (*see 587 Dev., Inc. v Pizzuto*, 8 AD3d 5 [2004]; *see also New York State Crime Victims Bd. v Abbott*, 212 AD2d 22, 28-29 [1995]). No basis exists to disturb the Special Referee's finding that appellant's witness lacked the requisite personal knowledge to provide either probative testimony regarding the specific work that appellant had performed in this personal injury action or the foundation necessary to admit hearsay documents under the business record exception, and that appellant had completely failed to adduce any evidence of time spent on particular services in support of its request for a quantum meruit recovery. We have considered appellant's other contentions and find them unavailing. Concur—Tom, J.P., Andrias, Gonzalez and Sweeny, JJ. [*See* 4 Misc 3d 1019(A), 2004 NY Slip Op 50968(U) (2004).]