(October 10, 2006)

■ JAMES ABENANTE et al., Plaintiffs, v STAR GAS CORPORATION, Doing Business as COLEMAN GAS SERVICE, Defendant. WILLIAM M. WEISBERG, Nonparty Appellant; MEISELMAN, DENLEA, PACKMAN & EBERZ, P.C., Nonparty Respondent. [821 NYS2d 911]—

In an action to recover damages for personal injuries, William M. Weisberg, the plaintiff James Abenante's outgoing attorney, appeals from an order of the Supreme Court, Orange County (Berry, J.), dated September 30, 2005, which granted his motion to apportion an attorney's fee between himself and Meiselman, Denlea, Packman & Eberz, P.C., the plaintiff James Abenante's incoming attorney, only to the extent of awarding him 1% of the net attorney's fee, i.e., the sum of $10,699.64.

Ordered that the order is affirmed, with costs.

When there is a fee dispute between outgoing and incoming attorneys, "[t]he outgoing attorney may elect to take compensation on the basis of a presently fixed dollar amount based upon quantum meruit for the reasonable value of services or, in lieu thereof, the outgoing attorney has the right to elect a contingent percentage fee based on the proportionate share of the work performed on the whole case" (*Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454, 458 [1989]). There is no dispute that William M. Weisberg elected to receive a contingent percentage fee. When considering the amount of time spent by each attorney on the case, the work performed, and the amount of recovery for the client (*see Lai Ling Cheng v Modansky Leasing Co., supra* at 458), the Supreme Court providently exercised its discretion in fixing Weisberg's fee at $10,699.64, which was 1% of the total attorney's fee.

The appellant's remaining contentions are either improperly raised for the first time on appeal or without merit. Miller, J.P., Luciano, Rivera and Spolzino, JJ., concur.