■ DAVID A. McCARTHY, Plaintiff, v ROBERTS ROOFING AND SIDING COMPANY, INC. (Improperly Sued as JACK D. ROBERTS, Doing Business as ROBERTS ROOFING), Defendant. BROWN CHIARI, LLP, Appellant; A. ANGELO DIMILLO, Respondent. [846 NYS2d 492]—

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered October 12, 2006. The order granted the motion of respondent A. Angelo DiMillo to enforce his attorney's lien upon the settlement proceeds in this action and awarded him 35% of the net contingent attorney's fee.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Brown Chiari, LLP (Brown Chiari), the law firm representing plaintiff when this personal injury action was settled, appeals from an order granting the motion of A. Angelo DiMillo, plaintiff's outgoing attorney, to enforce his attorney's lien upon the settlement proceeds received in this action and awarding him 35% of the net contingent attorney's fee. Under the circumstances of this case, where the fee dispute is solely between the incoming and outgoing attorneys, DiMillo is entitled to elect the method of computing his fee, and the record establishes that he has elected to receive a contingent percentage fee based upon the proportionate share of the work he performed on the whole case (*see Matter of Cohen v Grainger, Tesoriero & Bell*, 81 NY2d 655, 658 [1993]; *Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454, 458 [1989]; *Smerda v City of New York*, 7 AD3d 511, 512 [2004]).

Contrary to the contention of Brown Chiari, Supreme Court properly considered the amount of time that DiMillo and Brown

Chiari spent on the case, the work performed, and the amount of money recovered in fixing the respective percentages to be awarded to them (*see Lai Ling Cheng*, 73 NY2d at 458; *Abenante v Star Gas Corp.*, 33 AD3d 638 [2006]; *Brown v Governele*, 29 AD3d 617 [2006]). Both DiMillo and Brown Chiari performed significant work on the case resulting in the settlement, and we conclude that the court did not abuse its discretion in awarding 35% of the net contingent attorney's fee to DiMillo (*see generally Matter of Wingate, Russotti & Shapiro, LLP v Friedman, Khafif & Assoc.*, 41 AD3d 367, 370-371 [2007]).

The further contention of Brown Chiari that DiMillo should be precluded from recovering an attorney's fee because he engaged in unethical conduct is raised for the first time in its reply brief and thus is not properly before us (*see Turner v Canale*, 15 AD3d 960 [2005], *lv denied* 5 NY3d 702 [2005]; *Greene v Xerox Corp.*, 244 AD2d 877, 878 [1997], *lv denied* 91 NY2d 809 [1998]). Present—Scudder, P.J., Martoche, Smith, Lunn and Pine, JJ.