20-846-pr
Pettiford v. City of Yonkers et al.

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of November, two thousand twenty.

PRESENT:   RAYMOND J. LOHIER, JR.,
            MICHAEL H. PARK,
                *Circuit Judges*,
            JED S. RAKOFF,*
                *Judge.*

-----------------------------------------------------------------

BRIAN D. PETTIFORD,

*Plaintiff-Appellee*,

v.                                                No. 20-846-pr

CITY OF YONKERS, VINNIE DEVITO,
YONKERS POLICER OFFICER, PETER
SCHWARTZ, YONKERS POLICE OFFICER,

---

\* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

DENNIS MOLINA, YONKERS POLICE OFFICER, #646, CHRISTIAN KOCH, YONKERS POLICE OFFICER, #699, ALL DEFENDANTS INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AS EMPLOYEES OF THE CITY OF YONKERS, ALEX DELLADONNA, YONKERS POLICE OFFICER,

*Defendants*,

PAULA JOHNSON KELLY,

*Interested Party-Appellant.*

-----------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFF-APPELLEE: | Thomas O. O'Connor, Ansa Assuncao, LLP, White Plains, NY |
| FOR INTERESTED PARTY-APPELLANT: | Stephen Bergstein, Bergstein & Ullrich, New Paltz, NY |

Appeal from an order of the United States District Court for the Southern District of New York (Judith C. McCarthy, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Interested Party-Appellant Paula Johnson Kelly, formerly counsel to Plaintiff-Appellee Brian D. Pettiford in this ongoing civil rights action, appeals from a March 20, 2020 order of the Magistrate Judge to whom this case was

referred (McCarthy, M.J.) granting in part and denying in part her motion to fix the value of her charging lien in quantum meruit. We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

New York Judiciary Law § 475 governs attorneys' charging liens in federal courts sitting in New York. Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 448 (2d Cir. 1998). "A charging lien . . . is equitable in nature, and the overriding criterion for determining the amount of a charging lien is that it be 'fair.'" Sutton v. N.Y.C. Transit Auth., 462 F.3d 157, 161 (2d Cir. 2006).

Here, the parties do not dispute that it was proper to determine the amount of the charging lien in quantum meruit based on the reasonable value of the legal services rendered before Kelly withdrew from her representation of Pettiford. "Among the factors to be considered in such an analysis are the difficulty of the matter, the nature and extent of the services rendered, the time reasonably expended on those services, the quality of performance by counsel, the qualifications of counsel, the amount at issue, and the results obtained (to the extent known)." Sequa Corp. v. GBJ Corp., 156 F.3d 136, 148 (2d Cir. 1998).

3

"We afford a district court considerable discretion in determining what constitutes reasonable attorney's fees in a given case, mindful of the court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." Matusick v. Erie Cnty. Water Auth., 757 F.3d 31, 64 (2d Cir. 2014) (quotation marks omitted).

We find no abuse of discretion in the District Court's order. The District Court soundly concluded that many of Kelly's time entries were unclear or insufficiently described the tasks performed and the time spent on each task. Kelly's more detailed explanations of these entries on appeal were never made to the District Court and thus arrive too late. They cannot support her argument that the District Court abused its discretion when it concluded, based on the record and arguments before it, that Kelly did not carry her "burden . . . to keep and present records from which the court may determine" that all of the hours she requested were reasonably expended on this case. F.H. Krear & Co. v. Nineteen Named Trs., 810 F.2d 1250, 1265 (2d Cir. 1987).

The District Court also reasonably concluded that Kelly's time entries were excessive and that those entries relating to the time Kelly spent moving to

4

withdraw from her representation were of no value to Pettiford and thus an improper basis for a charging lien. See Lai Ling Cheng v. Modansky Leasing Co., 73 N.Y.2d 454, 457 (1989) ("[T]he attorney is entitled to recover compensation from the client measured by the fair and reasonable value of the services rendered . . . ."). The District Court therefore was permitted to "mak[e] an across-the-board reduction in the amount of hours." Luciano v. Olsen Corp., 109 F.3d 111, 117 (2d Cir. 1997). Kelly contends that the District Court improperly applied the across-the-board reduction to a fixed sum that Pettiford agreed to pay Kelly for work she performed before her retainer. But Kelly seeks a charging lien based on quantum meruit, meaning "the fair and reasonable value of the services rendered whether that be more or less than the amount provided in the contract or retainer agreement." Lai Ling Cheng, 73 N.Y.2d at 457–58. Accordingly, the District Court did not abuse its discretion by reducing the portion of the lien related to Kelly's pre-retention work.

Finally, Kelly argues that the District Court improperly reduced her hourly fee from $400 to $375. We disagree. The District Court awarded an hourly fee

comparable to fees awarded to other experienced civil rights litigators in its District and greater than fees that Kelly has recently been awarded.

We have considered Kelly's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
