Tarolli v Jervis B. Webb Co. (2021 NY Slip Op 03681)





Tarolli v Jervis B. Webb Co.


2021 NY Slip Op 03681


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND BANNISTER, JJ.


92 CA 19-01400

[*1]WILLIAM TAROLLI AND LAURIE TAROLLI, PLAINTIFFS-RESPONDENTS,
v
JERVIS B. WEBB COMPANY, DEFENDANT, MCMAHON KUBLICK, P.C., APPELLANT.






MCMAHON KUBLICK, P.C., SYRACUSE (W. ROBERT TAYLOR OF COUNSEL), FOR APPELLANT.
SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (JAMES W. CUNNINGHAM OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered June 21, 2019. The order apportioned 5 percent of attorneys' fees to appellant McMahon Kublick, P.C. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: This appeal involves a dispute between law firms over attorneys' fees arising from the legal services provided to plaintiffs in a personal injury action. McMahon Kublick, P.C. (McMahon) appeals from an order that, after a hearing, apportioned McMahon 5 percent of the net contingent attorneys' fee, and apportioned the remaining 95 percent to Smith, Sovik, Kendrick & Sugnet, P.C. (Smith Sovik), the law firm that represented plaintiffs when the personal injury action was settled.
We reject McMahon's contention that Supreme Court abused its discretion in fashioning the award. In fixing the percentages to be awarded to McMahon and Smith Sovik, the court properly considered the amount of time each firm spent on the case, the nature of the work performed, the relative contributions of counsel and the quality of the services rendered (see Cellino & Barnes, P.C. v York [appeal No. 2], 170 AD3d 1658, 1658-1659 [4th Dept 2019]; McCarthy v Roberts Roofing & Siding Co., Inc., 45 AD3d 1375, 1375-1376 [4th Dept 2007]; see generally Lai Ling Cheng v Modansky Leasing Co., 73 NY2d 454, 458 [1989]). Contrary to McMahon's further contention, we conclude that Smith Sovik's argument that McMahon was discharged for cause and therefore not entitled to any fees was not frivolous, and thus McMahon is not entitled to attorneys' fees and costs for having to litigate that issue (see 22 NYCRR 130-1.1 [a], [c]).
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court