Reyes-Lopez v Mendez (2023 NY Slip Op 03253)

Reyes-Lopez v Mendez

2023 NY Slip Op 03253

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2020-08234
 (Index No. 508914/14)

[*1]Virginia Elizabeth Reyes-Lopez, plaintiff,
v
Jose Mendez, defendant; Law Offices of William Pager, nonparty-appellant; Ferro, Kuba, Mangano, P.C., nonparty-respondent.

Law Offices of William Pager, Brooklyn, NY, nonparty-appellant pro se.
Ferro, Kuba, Mangano, P.C., Hauppauge, NY (Kenneth E. Mangano and Kyle McLaughlin of counsel), nonparty-respondent pro se.

DECISION & ORDER
In an action to recover damages for personal injuries, nonparty Law Offices of William Pager, the plaintiff's former counsel, appeals from an order of the Supreme Court, Kings County (Richard N. Allman, Ct. Atty. Ref.), dated October 22, 2020. The order, insofar as appealed from, in effect, granted that branch of the motion of Law Offices of William Pager which was for an allocation of attorneys' fees only to the extent of awarding it attorneys' fees in the sum of $1,500, and denied that branch of its motion which was pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions and an award of costs against nonparty Ferro, Kuba, Mangano, P.C.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In September 2013, the plaintiff, a pedestrian, allegedly sustained injuries when she was struck by an automobile operated by the defendant. That same month, the plaintiff initially retained nonparty Ferro, Kuba, Mangano, P.C. (hereinafter FKM), to represent her in a personal injury action. Approximately one year later, on September 24, 2014, the plaintiff retained nonparty Law Offices of William Pager (hereinafter Pager) to represent her. On September 29, 2014, Pager commenced this personal injury action on behalf of the plaintiff. On or about October 22, 2014, FKM was substituted as the plaintiff's counsel. Thereafter, FKM conducted discovery in the action and the case proceeded to arbitration. In November 2016, following a hearing, the arbitrator awarded the plaintiff the sum of $70,000.
In September 2019, Pager moved for a determination of the allocation of attorneys' fees between it and FKM, and pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions and an award of costs against FKM. By order dated October 22, 2020, the Supreme Court, in effect, granted that branch of Pager's motion which was for an allocation of attorneys' fees to the extent of awarding it attorneys' fees in the sum of $1,500, and denied that branch of its motion which was pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions and an award of costs against FKM. Pager appeals.
When there is a fee dispute between the current and the discharged attorneys for the plaintiff, "the outgoing attorney has the right to elect either immediate compensation based on quantum meruit for the reasonable value of the services rendered, or a contingent percentage fee to [*2]be determined at the conclusion of the litigation" (Rodriguez v Ryder Truck Rental, Inc., 171 AD3d 963, 964 [internal quotation marks omitted]; see Lai Ling Cheng v Modansky Leasing Co., 73 NY2d 454, 458). Where, as here, an election was not made by the outgoing attorney at the time of discharge, there is a presumption that the attorney has chosen a proportionate share of the contingency fee (see Ficaro v Alexander, 142 AD3d 1043). "The issue of apportionment of an attorney's fee is controlled by the circumstances and equities of each particular case, and the trial court is in the best position to assess such factors" (Mazza v Marcello, 20 AD3d 554, 554; see Robinson & Yablon, P.C. v Sacco & Fillas, LLP, 192 AD3d 1154; Rodriguez v Ryder Truck Rental, Inc., 171 AD3d at 964). "In making this determination, the court should consider 'the amount of time spent by the attorneys on the case, the nature of the work performed, and the relative contributions of counsel' toward achieving the outcome" (Berkowitz v Helms Bros., Inc., 193 AD3d 671, 672, quoting Matter of Gary E. Rosenberg, P.C. v McCormack, 250 AD2d 679, 680).
Here, considering the amount of time spent by Pager and FKM on this action, the nature of the work performed, and their relative contributions (see Berkowitz v Helms Bros., Inc., 193 AD3d at 672; Ficaro v Alexander, 142 AD3d at 1043), the Supreme Court providently exercised its discretion in determining that Pager was entitled to an award of attorneys' fees in the sum of $1,500 (see Pyong Woo Ye v Pasha, 175 AD3d 737, 738; Abenante v Star Gas Corp., 33 AD3d 638, 639).
The Supreme Court also providently exercised its discretion in denying that branch of Pager's motion which was pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions and an award of costs against FKM. Pager failed to demonstrate that FKM engaged in frivolous conduct within the meaning of 22 NYCRR 130-1.1 (see id. § 130-1.1[c]; see generally Rojas v Hazzard, 171 AD3d 819, 820).
Pager's remaining contention is without merit.
CONNOLLY, J.P., CHAMBERS, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court