OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the order of Supreme Court, Bronx County, reinstated.
*827 This dispute over attorney’s fees arose out of plaintiff’s action for the wrongful death of her husband and other damages which resulted in a judgment in her favor. That judgment, which was reduced by the Appellate Division on her stipulation (92 AD2d 813) and affirmed by this court (62 NY2d 673), is not challenged on this appeal. Shortly after the jury returned a verdict in plaintiff’s favor, movant filed a notice of attorney’s lien pursuant to Judiciary Law § 475. He alleged that he was originally retained by plaintiff to be her attorney in this action and that because of his advanced age and limited practice, he then retained respondent to act "of counsel” and to split the fee evenly. Special Term denied movant’s claim for attorney’s fees but the Appellate Division reversed. Although several issues are raised on appeal, we need not reach all of them because it is clear that movant is not entitled to seek an attorney’s lien under Judiciary Law § 475 and must enforce such rights as he may have in a plenary action.
Section 475, which is a codification and extension of the common-law charging lien, provides that "[f]rom the commencement of an action * * * the attorney who appears for a party has a lien upon his client’s cause of action * * * which attaches to a verdict * * * judgment or final order in his client’s favor, and the proceeds thereof in whatever hands they may come * * * The court upon the petition of the client or attorney may determine and enforce the lien.” (Emphasis added.) The emphasized language has consistently been held to grant a lien to the attorney of record (see, e.g., Matter of Barnum v Srogi, 96 AD2d 723, 724; Matter of Gutchess, 90 AD2d 663, 664; Matter of Sebring, 238 App Div 281, 285; Holmes v Bell, 139 App Div 455, 462, affd no opn 200 NY 586). In this case it is undisputed that movant’s name never appeared on any of the pleadings, motion papers, affidavits, briefs or record in plaintiff’s action.
Nevertheless, movant asserts that he is an attorney of record for plaintiff because his name appears with respondent’s on the retainer statement filed with the Judicial Conference pursuant to the rules of the Appellate Division, First Department (see, 22 NYCRR 603.7). The retainer statement and the rules requiring its filing are regulatory in nature, however. They are designed for the supervision of attorneys rather than to determine their status as the attorney of record. Indeed, the rule as it presently exists requires attorneys who are acting solely as trial or appellate counsel to file *828 retainer statements although they are clearly not attorneys of record (see, Melzer v 195 Broadway Corp., 18 AD2d 1108; Matter of Sebring, 238 App Div 281, 288, supra; Holmes v Bell, 139 App Div 455, 462, affd no opn 200 NY 586, supra). That movant’s name was filed with the Judicial Conference to reflect his interest in the litigation does not make him an attorney of record any more than it would in the case of filing a trial counsel’s name.
Movant contends further that respondent should be es-topped from denying that he was the attorney of record because it was respondent who had control of all pleadings and papers and failed to place his name on them. There is evidence in the record, however, that respondent sent movant copies of motions and pleadings for his review and that movant apparently approved and returned them to respondent without requesting that his name be added to them as an attorney of record.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.