■ In the Matter of Taylor, Jacoby & Campo, et al., Appellants, et al., Petitioners. Antony Herrey, Respondent. [617 NYS2d 168] —Order, Supreme Court, New York County (Jane Solomon, J.), entered March 14, 1994, which denied appellant attorneys' application to assert a charging lien against certain funds obtained by respondent client, unanimously affirmed, without costs.

Appellant attorneys secured an arbitration award in favor of respondent client. When the client refused tender of payment by the other party to the arbitrations that other party commenced a CPLR article 75 proceeding to confirm the award, which was settled and discontinued without the attorneys ever making an appearance therein. The attorneys assert a charging lien against the proceeds of the settlement. Acknowledging that the underlying arbitration was not a "special proceeding" within the scope of Judiciary Law § 475 *(see, Avalon Fabrics v Raymill Fabric Corp.,* 96 NYS2d 50, 53; *cf., Matter of Knoll N. Am. v IBF Group,* 158 Misc 2d 227, 229-230), they argue that the article 75 proceeding was such a proceeding and that the lien attached upon its commencement. We disagree since the statute, by its terms, provides that the lien can be asserted only by "the attorney who appears for a party" in the action or special proceeding *(see, also, Matter of Weldon v De Martini,* 35 Misc 2d 710). Concur —Murphy, P. J., Sullivan, Rosenberger, Nardelli and Tom, JJ.