■ GARY EBERT, Plaintiff, v NEW YORK CITY HEALTH & HOSPITALS CORP. et al., Defendants. JEROME EDELMAN, Respondent, v DAVID HIRSCHHORN, Appellant. [619 NYS2d 756] —In an action to recover damages for medical malpractice, David Hirschhorn appeals from (1) an order of the Supreme Court, Kings County (Monteleone, J.), dated December 21, 1992, which, *inter alia,* granted the motion by the nonparty respondent Jerome Edelman to declare that the appellant was not entitled to receive any part of the jury award to the plaintiff, and (2) so much of an order of the same court, dated January 15, 1993, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated December 21, 1992, is dismissed, as that order was superseded by the order dated January 15, 1993, made upon reargument; and it is further,

Ordered that the order dated January 15, 1993, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The nonparty appellant David Hirschhorn contends that he has an attorney's lien on the plaintiff's jury award. The basis of the appellant's contention is a retainer agreement with the plaintiff that was allegedly signed in October 1975 when the plaintiff was a minor.

However, the mere existence of a retainer agreement is insufficient to create a charging lien pursuant to Judiciary Law § 475. That statute provides that an attorney "appear" for the client, in the sense of participating in a legal proceeding on the client's behalf or by having his name affixed to the

pleadings, motions, records, briefs, or other papers submitted in the matter *(see, Rodriguez v City of New York,* 66 NY2d 825, 827). There is no evidence in the record that the appellant satisfied any of these criteria. The fact that he fulfilled the regulatory requirement of filing a copy of the retainer statement with the Judicial Conference does not constitute an appearance *(see, Rodriguez v City of New York, supra).*

The appellant's contention that he had a contractual lien on the plaintiff's award because of a 1976 Letter Agreement entered into, with the appellant's authority and consent, by his brother Morris Hirschhorn and the nonparty respondent, Jerome Edelman, is without merit. Morris Hirschhorn, still acting with the actual and apparent authority of the appellant, rescinded the Letter Agreement and effectively canceled the financial interests of both he and the appellant in this matter by a stipulation dated November 9, 1979 *(cf., Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454).

The appellant's remaining contentions are without merit. Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.