■ JACOB RABINOWITZ, Respondent, v NORMAN L. COUSINS et al., Appellants. [631 NYS2d 312] —Order, Supreme Court, New York County (Helen E. Freedman, J.), entered December 29, 1994, which denied defendants' motion for summary judgment, unanimously reversed, on the law, the motion is granted and the complaint dismissed, without costs.

Plaintiff, who was suspended from practice for unrelated professional misconduct in 1993 (*Matter of Rabinowitz*, 189 AD2d 402, *lv denied* 82 NY2d 653), was the second of a series of three attorneys hired to represent defendant Sanger in an underlying medical malpractice action in New York County (*Sanger v Waller*). Defendant Cousins was the attorney who actually tried the case and brought it to fruition—a $360,000 jury verdict that was ultimately settled for $330,000. The firm of Issler & Schrage, P. C. had commenced the action, served a bill of particulars, litigated pretrial motions, conducted all discovery and calendared the case for trial, before being discharged. Plaintiff's sole contribution was in pursuing the case before the medical malpractice panel. That proceeding resulted in a finding of no liability on the part of the hospital,

but no finding as to the doctor, the defendant who would ultimately sustain the judgment.

Upon resolution of the case, attorney Cousins solicited statements of services and requests for compensation from both of his predecessors. Issler & Schrage requested and received $20,000. When plaintiff refused to give an estimate of the value of his services, Cousins sent him a check for $5,000. Plaintiff rejected the offer but still refused to indicate the amount of his claim, until he brought the instant action for breach of contract ($60,000), conversion and fraud ($100,000 each).

Among defendants' affirmative defenses was plaintiff's failure to have filed a retainer statement, which is a prerequisite to receipt of compensation for legal services (22 NYCRR 603.7 [a]). The IAS Court rejected defendants' summary judgment motion on that ground, holding that the retainer requirement was only "regulatory in nature", and failure to file would be "insufficient to deny attorneys fees if the fees are otherwise warranted", citing *Rodriguez v City of New York* (66 NY2d 825).

The *Rodriguez* case *(supra)* was actually a converse of the case now before us. There the attorney seeking a lien for his services *had* filed a retainer statement, but there was no evidence that he had done anything on his client's behalf in pursuit of the action—i.e., his name had never appeared on any briefs or anywhere in the record. When counsel asserted that the retainer statement alone proved his entitlement to a fee as "attorney of record", the Court of Appeals pointed out that the rules requiring filing of such a statement are "regulatory in nature, * * * designed for the supervision of attorneys rather than to determine their status as the attorney of record" (66 NY2d, *supra,* at 827). The holding of *Rodriguez* was thus that mere filing of a retainer statement would not spell automatic entitlement to a fee.

In the case at bar, the IAS Court has lifted the "regulatory in nature" description of the rule out of context. Nothing in *Rodriguez* prevents this Court, in furtherance of its authority to promulgate rules for promoting the orderly administration of justice within this Department (Judiciary Law § 85), from requiring the filing of a retainer statement as a prerequisite to receipt of compensation for legal services.

It should be emphasized that the primary purpose of 22 NYCRR 603.7 is protection of the public through monitoring of the fees charged by practitioners at the Bar. In this respect, it is clearly distinguishable from a registration or licensing regulation designed for the purpose of raising revenue (*cf., Benjamin v Koeppel*, 85 NY2d 549).

We further note that this is not a fraud case. Once plaintiff rejected the $5,000 offer, he was not damaged when Cousins deposited the check back into his special account for redistribution. Concur—Wallach, J. P., Kupferman, Nardelli and Williams, JJ.