574

■ CHRISTINA CATALDO et al., Plaintiffs, v BUDGET RENT A CAR CORP. et al., Defendants, FIRST & FIRST, Appellant, and RICHARD HIGER, P. C., et al., Respondents. [641 NYS2d 122] —In an action to recover damages for personal injuries, nonparty First & First appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated January 4, 1995, which, after a hearing, held, *inter alia,* that it was not entitled to a lien pursuant to Judiciary Law § 475 for services rendered in the representation of Christina Cataldo, Shiyamala Thirunayagam, and Perinpanagam Thirunayagam.

Ordered that the order is modified by (1) deleting the provision thereof which determined that First & First was not entitled to a lien against Sullivan & Liapakis, P. C., for its representation of Christina Cataldo, pursuant to Judiciary Law § 475, and substituting therefor a provision granting First & First a lien on the net attorney's fees awarded to Sullivan & Liapakis, P. C., to the extent indicated herein, and (2) deleting the provision thereof which determined that First & First was not entitled to a lien against Richard Higer, P. C., for its representation of Perinpanagam Thirunayagam, pursuant to Judiciary Law § 475, and substituting therefor a provision granting First & First a lien on the net attorney's fees awarded to Richard Higer, P. C., to the extent indicated herein; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing before a different Justice, in accordance herewith.

Judiciary Law § 475, which codifies and extends the common-law charging lien, provides that " '[f]rom the commencement of an action * * * *the attorney who appears for a party* has a lien upon his [or her] client's cause of action * * * which attaches to a verdict * * * judgment or final order in his [or her] client's favor, and the proceeds thereof in whatever hands they may come * * * The court upon the petition of the client or attorney may determine and enforce the lien' " (*Rodriguez v City of New York,* 66 NY2d 825, 827 [emphasis in original], quoting Judiciary Law § 475). The Court of Appeals has clearly stated that the emphasized language grants a lien to the "attorney of record" (*Rodriguez v City of New York, supra,* at 827). Consequently, before an attorney can be granted a lien pursuant to Judiciary Law § 475 he or she must have appeared for the client by "participating in a legal proceeding on the client's behalf or by having his [or her] name affixed to the pleadings, motions, records, briefs, or other papers submitted in the matter" (*Ebert v New York City Health & Hosps. Corp.,* 210 AD2d 292, 293).

In this case, it is uncontroverted that First & First drafted and served the summons and complaint, as well as the amended summons and complaint, by which Christina Cataldo commenced her personal injury action and its name is on these papers. In addition, Harry First testified that on behalf of Christina Cataldo he attended two preliminary conferences, drafted a Bill of Particulars, and opposed a motion to dismiss by drafting detailed opposition papers and making related court appearances. As such, with reference to the representation of Christina Cataldo, First & First is entitled to a lien pursuant to Judiciary Law § 475.

With reference to First & First's attempt to recover a fee stemming from its alleged representation of Shiyamala Thirunayagam and her husband Perinpanagam Thirunayagam, it is uncontroverted that pursuant to the request of Sherry N. Sarbofsky, Esq., the attorney actually retained by Mr. Thirunayagam, First & First drafted and served the summons and complaint by which Mr. and Mrs. Thirunayagam commenced their respective actions. However, while First & First is thus entitled to a lien with reference to Mr. Thirunayagam's case *(see, Rodriguez v City of New York, supra),* First & First is not entitled to a similar lien with respect to Mrs. Thirunayagam because Mrs. Thirunayagam did not sign the written retainer agreement by which Sherry Sarbofsky had come to represent Mr. Thirunayagam. Since Mrs. Thirunayagam had retained neither Sherry Sarbofsky nor First & First, First & First was not authorized to commence an action on behalf of Mrs. Thirunayagam and thus cannot be deemed to have appeared on her behalf for the purposes of receiving a lien pursuant to Judiciary Law § 475. Accordingly, the matter is remitted to the Supreme Court, Queens County, for a hearing to determine the amount of First & First's lien on (1) the net attorney's fees awarded to Sullivan & Liapakis, P. C., for its representation of Christina Cataldo, and (2) the net attorney's fees awarded to Richard Higer, P. C., for its representation of Perinpanagam Thirunayagam.

We have considered the remaining contentions of First & First and find them to be without merit. Mangano, P. J., Pizzuto, Santucci and Krausman, JJ., concur.