■ In the Matter of JAGHAB & JAGHAB, Respondent, v JOHN MARSHALL et al., Appellants, et al., Respondents. [681 NYS2d

330] —In a proceeding to fix the amount of a lien for counsel fees under Judiciary Law § 475, John Marshall and Blanca Mena appeal from (1) an order of the Supreme Court, Nassau County (Adams, J.), dated November 26, 1997, which directed a hearing on the petition for a lien, and (2) an order of the same court, dated February 2, 1998, which, after the hearing, granted the petitioner a lien for counsel fees in the amount of $2,550.

Ordered that the appeal from the order dated November 26, 1997, is dismissed; and it is further,

Ordered that the order dated February 2, 1998, is reversed, on the law, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that the appellant is awarded one bill of costs payable by the petitioner-respondent.

The order dated November 26, 1997, which directed a judicial hearing in aid of the disposition of the petitioner's application for a counsel fee lien, does not affect a substantial right (*see,* CPLR 5701 [a] [2] [v]), and is therefore not appealable as of right (*see, Singer v Singer,* 170 AD2d 496).

Since the petitioner law firm neither appeared as attorney of record in an action or proceeding (Judiciary Law § 475) nor filed a proper notice of lien pursuant to Judiciary Law § 475-a, it was not entitled to a charging lien under the Judiciary Law (*see, Cataldo v Budget Rent A Car Corp.,* 226 AD2d 574; *Ebert v New York City Health & Hosps. Corp.,* 210 AD2d 292, 293; *Matter of Taylor, Jacoby & Campo,* 208 AD2d 400; *Matter of Robinson,* 100 AD2d 724; *cf., Klein v Eubank,* 87 NY2d 459; *Rodriguez v City of New York,* 66 NY2d 825, 827).

In light of our determination, we need not reach the parties' remaining contentions. Mangano, P. J., Thompson, Santucci and McGinity, JJ., concur.