■ In the Matter of ANTHONY S. PICCIOLO, Appellant, v STATE OF NEW YORK et al., Respondents. [732 NYS2d 60] —In a special proceeding to fix and determine the amount of an attorney's charging lien, the petitioner Anthony S. Picciolo appeals from an order of the Court of Claims (Ruderman, J.), dated March 8, 2000, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

The respondent Orchard Grove of Dutchess, Inc. (hereinafter Orchard Grove) proposed to develop property located at the intersection of Bogardus Lane and the Taconic Parkway in Dutchess County. In June 1995 the New York State Department of Transportation (hereinafter the DOT) wrote to Orchard Grove disapproving of the proposed subdivision and advising that the State intended to condemn the property around the intersection. Approximately two years later, when the State still had not taken any formal steps to begin the condemnation process, Orchard Grove retained the petitioner, Anthony S. Picciolo, to pursue a claim against the State. During the ensuing several months, the petitioner corresponded with officials from the DOT, and had telephone conversations and a meeting with them to discuss a fair price for the property. In May 1998, before the petitioner had brought a claim against the State and before the State filed the acquisition maps, Orchard Grove discharged the petitioner.

The petitioner contends that he has a valid charging lien against any condemnation award made by the State to Orchard Grove, and that the Court of Claims therefore erred in dismissing his petition. We disagree.

At common law, an attorney had a charging lien for services rendered in procuring a judgment or award for his client (*see, Matter of Heinsheimer,* 214 NY 361, 364-365; *Fischer-Hansen v Brooklyn Hgts. R. R. Co.,* 173 NY 492; *Goodrich v McDonald,* 112 NY 157, 163). Judiciary Law § 475 codified the charging lien and enlarged it to the extent that it attached to the cause of action upon its commencement, not when the judgment is subsequently rendered (*see, Matter of Heinsheimer, supra,* at 365; *Capoccia v Brognano,* 126 AD2d 323, 326).

However, before an attorney can be granted a lien pursuant to Judiciary Law § 475, he or she must have appeared for the client by "participating in a legal proceeding on the client's behalf or by having his [or her] name affixed to the pleadings, motions, records, briefs, or other papers submitted in the matter" (*Cataldo v Budget Rent A Car Corp.,* 226 AD2d 574; *Ebert v New York City Health & Hosps. Corp.,* 210 AD2d 292, 293). Thus, "as a rule, a charging lien * * * will not attach * * * even though the attorney may have performed preliminary services for the client" (7 NY Jur 2d, Attorneys at Law, § 246 at 330 [emphasis added]; *see, United Orient Bank v 450 W. 31st St. Owners Corp.,* 155 Misc 2d 675). An attorney discharged before he or she has instituted an action has the right to compensation on a quantum meruit basis only (*see, Turner v*

*Steve Brody, Inc.,* 24 AD2d 904; *Lebovic v Ballantine & Sons,* 12 AD2d 494).

The petitioner never brought a claim against the State or appeared in any litigation on behalf of Orchard Grove against the State. Instead, he had some communications, verbal and written, with representatives of the DOT, and attended an informal meeting at DOT offices. As the petitioner did not appear as attorney-of-record in any action or proceeding and did not create any fund through his efforts as counsel for Orchard Grove, the Court of Claims properly denied the petition and dismissed the proceeding. Altman, J. P., Friedmann, Schmidt and Adams, JJ., concur.