■ JOSEPH MELLO, Plaintiff, v CITY OF NEW YORK et al., Defendants. SANDERS, SANDERS, BLOCK & WOYCIK, P.C., Nonparty Appellant; HENRY LUNG, Nonparty Respondent. [756 NYS2d 471] —In an action to recover damages for personal injuries, Sanders, Sanders, Block & Woycik, P.C., the plaintiff's former attorney, appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Queens County (Flug, J.), dated February 28, 2002, as denied that branch of its motion which was to establish a charging lien pursuant to Judiciary Law § 475 and directed arbitration of the fee dispute with the incoming attorneys, and (2) so much of an order of the same court, dated July 3, 2002, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated February 28, 2002, is dismissed, as that order was superseded by the order dated July 3, 2002, made upon reargument; and it is further,

Ordered that the order dated July 3, 2002, is reversed insofar as appealed from, on the law, upon reargument, the order dated February 28, 2002, is vacated, that branch of the motion which was to establish a charging lien pursuant to Judiciary Law § 475 is granted, the appellant is granted a charging lien on the proceeds of this action, the amount of the appellant's contingent percentage fee shall be determined by the trial court after a hearing at the conclusion of the action, and the appellant is directed to transfer the plaintiff's legal file to incoming counsel upon payment of its disbursements; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The Supreme Court erred in directing the appellant, the plaintiff's former attorney, to arbitrate a fee dispute with incoming counsel and in failing to give effect to its statutory charging lien. An attorney who is discharged without cause possesses a statutory charging lien for the services rendered in procuring a judgment, decree, or award for the client; this lien attaches to the client's cause of action, verdict, settlement, or judgment (*see* Judiciary Law § 475). "[T]he charging lien does not merely give an attorney an enforceable right against the property of another, it gives the attorney an equitable ownership interest in the client's cause of action" (*LMWT Realty Corp. v Davis Agency,* 85 NY2d 462, 467 [1995]). The appellant was entitled to a charging lien by virtue of its status as the attorney of record in this action (*see Rodriguez v City of New York,* 66 NY2d 825 [1985]; *Cataldo v Budget Rent A Car Corp.,* 226 AD2d 574 [1996]).

Since the appellant's services were provided on a contingent-fee basis, the court should have determined that the amount of the lien is to be fixed in accordance with the appellant's request, as a contingent percentage based on the proportionate percentage of work it performed, to be determined at the conclusion of the action (*see Matter of Rosenblum,* 121 AD2d 546 [1986]; *see also Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454, 457-458 [1989]). Thus, the determination of the amount of the appellant's fee, in the event of a recovery, is deferred to a hearing to be held by the trial court at the conclusion of the action. "Such lien adequately protects outgoing counsel's interests" otherwise secured by its retaining lien, and the appellant is directed to transfer the plaintiff's file to incoming counsel upon payment of its outstanding disbursements (*Braider v 194 Riverside Owners Corp.,* 237 AD2d 147 [1997];

*see Turner v Steve Brody Inc.,* 24 AD2d 904 [1965]). Prudenti, P.J., Krausman, Goldstein and Schmidt, JJ., concur.