In an action to recover damages for personal injuries, the at *508 torney for the plaintiffs appeals from an order of the Supreme Court, Kings County (Ambrosio, J.), dated July 1, 2002, which granted the motion of Louis C. Fiabane to impose a lien and determined that Fiabane is entitled to 10% of the fee obtained in the action.
Ordered that the order is reversed, on the law, with costs, and the motion is denied.
The plaintiffs were injured in a motor vehicle accident and retained Louis C. Fiabane to represent them. In retainer agreements, which were filed with the Office of Court Administration, the plaintiffs agreed to pay Fiabane one third of the recovery as compensation. In the one-month period he was handling the case before he was discharged, Fiabane, among other things, wrote letters, reviewed the accident report, and obtained copies of the plaintiffs’ medical records. Before the commencement of any action, the plaintiffs discharged Fiabane and retained Dominick W Lavelle. Several months later, Lavelle instituted this personal injury action on behalf of the plaintiffs and eventually obtained a settlement for them. Approximately two years after his discharge, Fiabane moved to impose a lien on the recovery for the preliminary services he rendered. The judicial hearing officer who heard the matter found that Fiabane was an attorney of record and determined that he was entitled to a lien. The Supreme Court granted Fiabane’s motion and directed that he receive 10% of the fee obtained. We reverse.
Pursuant to Judiciary Law § 475, an attorney may be awarded a lien only if he or she has appeared for the client by “participating in a legal proceeding on the client’s behalf or by having his [or her] name affixed to the pleadings, motions, records, briefs, or other papers submitted in the matter” (Ebert v New York City Heath & Hosps. Corp., 210 AD2d 292, 292-293 [1994]; see Matter of Picciolo v State of New York, 287 AD2d 721, 722 [2001]; Cataldo v Budget Rent A Car Corp., 226 AD2d 574 [1996]; see also Rodriguez v City of New York, 66 NY2d 825, 827 [1985]). Preliminary services performed by an attorney discharged before the commencement of an action do not entitle that attorney to a lien under Judiciary Law § 475 (see Matter of Picciolo v State of New York, supra). The filing of a retainer agreement with the Office of Court Administration does not constitute an appearance in a legal proceeding sufficient to make him or her an attorney of record (see Rodriguez v City of New York, supra at 827; Ebert v New York City Health & Hosps. Corp., supra at 293). Accordingly, the motion should have been denied.
In light of our determination, there is no need to address the *509 parties’ remaining contentions. Ritter, J.E, Krausman, Schmidt and Crane, JJ., concur.