■ EDINSON REYES et al., Plaintiffs, v WOOTOS REALTY, INC., et al., Defendants. BUTTAFUOCO & ASSOCIATES, PLLC, Nonparty Appellant; SALZMAN & WINER, LLP, Nonparty Respondent. [831 NYS2d 119]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered March 3, 2005, which granted respondent outgoing attorney's motion to confirm a Special Referee's report recommending that it be awarded 5% of the contingency fee realized by appellant incoming attorney upon settlement of this personal injury action, and denied incoming attorney's cross motion to reject the report, unanimously reversed, on the law and the facts, without costs, the motion denied and the cross motion granted to the extent of vacating the award.

The Special Referee's recommendation finds no justification in this record. Respondent's application for a hearing to determine its share of attorneys' fees in this action was wholly devoid of a factual basis. Respondent's sole argument for a hearing was the conclusory assertion that it "did substantial work on this case." It offered no explanation and provided no billing records or other documents to support its bald request for a hearing. Despite this utter lack of factual support, Supreme Court nevertheless referred the issue of attorneys' fees to a Special Referee to hear and report. Testimony at that hearing established, at best, respondent's extremely minimal contribution to the litigation, consisting of preparing and serving an amended complaint, an admitted duplicate of the original complaint prepared for the sole purpose of adding a party whose liability was doubtful. Indeed, the action against this added party was ultimately discontinued, and the record is otherwise devoid of any evidence showing any need for any of the additional claimed work. We are aware of appellant's concession that respondent is entitled to 1% of the fee, but the record does not support any quantum meruit award whatsoever. While we commend and appreciate appellant's concession, perhaps a necessary business decision to expedite resolution of this matter, the record is crystal clear that respondent did absolutely nothing to advance this case during its limited period of involve-

ment. Concur—Saxe, J.P., Marlow, Sullivan, Nardelli and Gonzalez, JJ.