◼ THOMAS V. CASE, Plaintiff, v ANTONE R. CASE et al., Respondents, et al., Defendants. DIBBIE & MILLER, P.C., Appellant; DAVID A. SHULTS et al., Intervenors-Respondents. [912 NYS2d 818]—

Appeal from an order of the Supreme Court, Livingston County (Kenneth R. Fisher, J.), entered July 30, 2009 in an action for dissolution of a partnership. The order, insofar as appealed from, distributed plaintiff's second share to nonparty creditors in a federal action and determined that the second share is a fund independent of a lien by Dibble & Miller, P.C.

It is hereby ordered that said appeal is unanimously dismissed without costs.

Memorandum: Plaintiff and his attorneys, Dibble & Miller, P.C. (appellant), appeal from, inter alia, that part of an order directing the distribution of plaintiff's share of post-accounting income in a partnership dissolution proceeding to plaintiff's nonparty creditors pursuant to an order of the United States District Court for the Western District of New York, despite the

existence of an attorney's lien filed by appellant. Following the filing of a notice of appeal in this matter, however, the United States Court of Appeals for the Second Circuit reversed the order of the District Court denying appellant's motion to intervene in the federal matter, ordered that the funds at issue be held by the clerk of the District Court and remanded the matter to the District Court for further proceedings (*see Eastern Potato Dealers, Inc. v TNC Packing Corp.*, 363 Fed Appx 819, 822 [2010]). We thus note that all of the necessary parties and the relevant issues are currently before the District Court. Further, this matter involves consideration of the Perishable Agricultural Commodities Act (7 USC § 499a *et seq.*), and "considerations of comity, orderly procedure, and judicial economy demand that the [f]ederal action be tried first" (*Theatre Confections v Andrea Theatres*, 126 AD2d 969, 970 [1987]). We therefore conclude that the appeal must be dismissed without consideration of the merits. To the extent, if any, that the order appealed from is or may become inconsistent with a federal court order, plaintiff and appellant may seek relief from Supreme Court (*see generally* CPLR 2221 [a], [e]; 5015). Present—Fahey, J.P., Lindley, Sconiers and Gorski, JJ.