■ MARGARET KOTTL, Plaintiff, v JILL A. CAREY et al., Defendants. LAW OFFICES OF PAUL BRYAN SCHNEIDER, P.C., Nonparty Appellant; LAW OFFICES OF KENNETH A. WILHELM, Nonparty Respondent. [925 NYS2d 187]—

In an action to recover damages for personal injuries and wrongful death, nonparty Law Offices of Paul Bryan Schneider, P.C., the plaintiff's former counsel, appeals from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated January 19,

2010, which granted the motion of nonparty Law Offices of Kenneth A. Wilhelm, the plaintiff's current attorney, for an award of 100% of the net contingency fee in the action.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting the motion of nonparty Law Offices of Kenneth A. Wilhelm for an award of 100% of the net contingency fee, and substituting therefor a provision granting the motion to the extent of awarding nonparty Law Offices of Kenneth A. Wilhelm 80% of the net contingency fee and nonparty Law Offices of Paul Bryan Schneider, P.C., 20% of the net continency fee; as so modified, the order is affirmed, without costs or disbursements.

On November 12, 2007, after the plaintiff and her husband were injured in an automobile accident, they retained nonparty Law Offices of Paul Bryan Schneider, P.C. (hereinafter Schneider), to represent them in connection with their claims arising out of the accident. The plaintiff's husband died on November 26, 2007, as a result of the injuries he suffered in the accident. Prior to being discharged on December 13, 2007, Schneider secured the police accident report regarding the accident and a store's surveillance videotape on which the accident had been recorded, sought medical records on behalf of the plaintiff and her husband, contacted their insurer to secure no-fault information, contacted the insurer for the motor vehicles involved in the accident and began a dialogue with them with the aim of securing a settlement, contacted a witness and obtained a written statement from that witness, and drafted and filed a complaint on behalf of the plaintiff, individually and as executor of the estate of her husband, even though the plaintiff had not yet been appointed the executor of her husband's estate.

Law Offices of Kenneth A. Wilhelm (hereinafter Wilhelm), the plaintiff's new attorney, later commenced a probate proceeding in the Surrogate's Court, obtained letters testamentary for the plaintiff, purchased a new Supreme Court index number, filed a new complaint after the plaintiff was issued letters testamentary, represented the plaintiff at an administrative hearing before the New York State Department of Motor Vehicles regarding the suspension of the driver's license of the driver of the offending vehicle, hired an investigator who met with the plaintiff and photographed the site of the accident, prepared and served bills of particulars, attended a preliminary conference, and served responses to a preliminary conference order. Shortly after the preliminary conference, Wilhelm negotiated a settlement which provided the plaintiff with $10,000 more than the insurance policy limit covering the offending vehicle.

The Supreme Court improvidently exercised its discretion in awarding Schneider none of the contingency fee earned by Wilhelm (*see Matter of Cohen v Grainger, Tesoriero & Bell*, 81 NY2d 655, 658 [1993]; *Brown v Governele*, 29 AD3d 617, 618 [2006]). It cannot be said in this case that the contributions of Schneider were of no value (*cf. Hinds v Kilgallen*, 83 AD3d 781 [2011]; *Reyes v Wootos Realty, Inc.*, 37 AD3d 276, 276-277 [2007]). Considering the amount of time spent by both the former and current attorneys on the matter, the nature of the work performed, and their relative contributions, we modify the order appealed from so as to award 80% of the net contingency fee to Wilhelm and 20% of the net contingency fee to Schneider. Dillon, J.P., Leventhal, Hall and Lott, JJ., concur.