**SUPREME COURT OF THE STATE OF NEW YORK**
*Appellate Division, Fourth Judicial Department*

**623**

**CA 12-02242**

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THOMAS V. CASE, PLAINTIFF,

V                                                   MEMORANDUM AND ORDER

ANTONE R. CASE, ET AL., DEFENDANTS.
------------------------------------------
DAVID A. SHULTS AND BARBARA L.S. FINCH,
RESPONDENTS;

DIBBLE & MILLER, P.C., APPELLANT.

---

DIBBLE & MILLER, P.C., ROCHESTER (GERARD F. NORTON OF COUNSEL), FOR APPELLANT.

THE WOLFORD LAW FIRM LLP, ROCHESTER (SARAH SNYDER MERKEL OF COUNSEL), FOR RESPONDENTS.

---

Appeal from an order of the Supreme Court, Livingston County (Matthew A. Rosenbaum, J.), entered September 7, 2012. The order, among other things, granted the motion of David A. Shults and Barbara L.S. Finch for an order directing that funds held by the Livingston County Clerk in this matter to be paid over to them.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action against his brother, Antone R. Case, among other defendants, seeking dissolution of the brothers' partnership, which operated a potato farm. The complaint also asserted causes of action for an accounting and partition of real property owned by the partnership. Plaintiff was initially represented by Phillips, Lytle, Hitchcock, Blaine & Huber LLP (Phillips Lytle). While Phillips Lytle was representing plaintiff, Supreme Court (Alonzo, A.J.) appointed a receiver who took custody of the partnership's funds, among other property, and held the funds in escrow pending resolution of the action. Approximately five months later, David A. Shults and Barbara L.S. Finch (Shults Creditors) loaned plaintiff $260,000 to fund a new business that he operated with his wife. As security for the loan, plaintiff later assigned to the Shults Creditors all rights, title and interest he had to the proceeds from the partnership dissolution action, including the funds held by the receiver. Shortly after the Shults Creditors filed the assignment with the Livingston County Clerk, Phillips Lytle moved to withdraw as plaintiff's attorney on the grounds that it was owed a substantial

amount for unpaid legal fees and plaintiff had assigned to the Shults Creditors his interest in the partnership's funds, from which Phillips Lytle expected ultimately to be paid. Supreme Court (Donofrio, A.J.) granted the motion and gave plaintiff 15 days in which to "secure new counsel." Plaintiff thereafter retained appellant Dibble & Miller, P.C. (Dibble & Miller) to represent him in this action. Dibble & Miller had previously served as special tax counsel for plaintiff.

The partnership dissolution action eventually proceeded to trial, during which the brothers reached a settlement that resolved all claims between them. Pursuant to the settlement, plaintiff was entitled to $232,255.10 of the funds held in escrow by the receiver, while his brother was entitled to the remaining $382,255.10. A dispute then arose between Dibble & Miller and the Shults Creditors over which party was entitled to plaintiff's share of the settlement proceeds. Although Dibble & Miller had been paid an initial retainer of $20,000, plaintiff owed the firm more than $230,000 for legal services rendered in this action. At the same time, plaintiff owed the Shults Creditors for the $260,000 loan that was secured by plaintiff's interest in the funds held by the receiver. According to Dibble & Miller, its charging lien pursuant to Judiciary Law § 475 took precedence over the Shults Creditors' perfected security interest in the settlement proceeds.

Supreme Court (Fisher, J.) ordered, in sum and substance, that the Shults Creditors were entitled to plaintiff's share of the settlement proceeds. Dibble & Miller took an appeal from that order, but we dismissed the appeal because, at the time, the parties were in federal court on a related matter and the funds previously held by the receiver had been transferred to the clerk in federal court (*Case v Case*, 78 AD3d 1610, 1610-1611). The parties subsequently stipulated that the dispute between them in federal court no longer involved a federal issue, and they thus agreed to have the matter resolved in state court. The funds were then transferred to the Livingston County Clerk. The Shults Creditors moved for an order directing that the funds in question be paid to them. Dibble & Miller cross-moved for partial vacatur of Justice Fisher's order, as well as for an order determining the priority of the liens. Supreme Court (Rosenbaum, J.), inter alia, granted the motion of the Shults Creditors and distributed the funds to the Shults Creditors. We affirm.

The priority of conflicting perfected security interests is determined by the date of filing or perfection (*see* UCC § 9-322 [a] [1]). Relying on Judiciary Law § 475, which provides that an attorney's charging lien attaches by operation of law upon the "commencement" of an action or proceeding (*see LMWT Realty Corp. v Davis Agency*, 85 NY2d 462, 467), Dibble & Miller contends that its charging lien arose before the Shults Creditors perfected their security interest. In support of that contention, Dibble & Miller notes that its notice of appearance in this action was filed on April 14, 2004, whereas the Shults Creditors' assignment was filed almost two years later, on February 2, 2006. The record is clear, however, that Dibble & Miller's representation of plaintiff in April 2004 was limited to providing tax advice. Dibble & Miller did not become

attorney of record for plaintiff in this action until after May 3, 2006, when the court granted Phillips Lytle's motion to withdraw as plaintiff's counsel.  Indeed, if Dibble & Miller were co-counsel with Phillips Lytle, as Dibble & Miller suggests, there would have been no need for Judge Donofrio to state in her order that plaintiff had 15 days in which to secure new counsel.  There would have also been no need for Judge Donofrio to hold the case in "abeyance" for "an additional period of 30 days after Plaintiff or his new counsel have received from Phillips Lytle the documents specified in paragraph 4 [of the instant order]."

In fact, as the Shults Creditors point out, Dibble & Miller's own billing records show that it was not plaintiff's attorney of record until after the court allowed Phillips Lytle to withdraw as plaintiff's counsel.  In addition, in a sworn statement given in federal court, Gerald Dibble, Esq., of Dibble & Miller, stated that his firm "succeeded the firm of Phillips Lytle in representing [plaintiff], having first been engaged by [plaintiff] on or about March 10, 2004 as special tax counsel for [plaintiff] in connection with claims of the IRS relating to income taxes . . . Thereafter, on or about March 15, 2006, [plaintiff] asked this firm to represent him in the State Action because Phillips Lytle moved to withdraw as [plaintiff's] counsel."

Based on the above, we conclude that Dibble & Miller's reliance on its April 2004 notice of appearance is misplaced.  That notice of appearance was limited to Dibble & Miller's role as special tax counsel for plaintiff.  Dibble & Miller was not then the attorney of record for plaintiff in this action, and it is well settled that "[o]nly the attorney of record . . . is entitled to an attorney's . . . charging lien" (*Matter of Barnum v Srogi*, 96 AD2d 723, 724; *see Rodriguez v City of New York*, 66 NY2d 825, 827-828).

Dibble & Miller further contends that its charging lien arose first because it relates back to the date of commencement of the action, notwithstanding that Dibble & Miller did not become plaintiff's attorney of record until more than three years after such date.  According to Dibble & Miller, its charging lien relates back to the date of commencement of the action because Judge Donofrio's order gave its charging lien priority over Phillips Lytle's charging lien. We reject that contention, for which Dibble & Miller cites no authority.  The order signed by Judge Donofrio simply gave priority to Dibble & Miller's charging lien over that of Phillips Lytle; she did not order that Dibble & Miller's charging lien relates back to the date of commencement of the action, which would have the effect of giving Dibble & Miller's lien priority over the Shults Creditors' perfected security interest.  The Shults Creditors were not given an opportunity to be heard before Judge Donofrio's order was entered, and we will not presume that Judge Donofrio implicitly intended to give preference to Dibble & Miller over the Shults Creditors.

In sum, we conclude that the Shults Creditors' perfected security interest in the partnership funds was filed before Dibble & Miller's charging lien arose by operation of law under Judiciary Law § 475.

The law is clear that "a claim may . . . supersede an attorney's lien if the claim is both prior in time and a charge against the specific fund upon which the attorney's lien attaches, not merely general indebtedness asserted against the client" (*LMWT Realty Corp.*, 85 NY2d at 468).

We reject Dibble & Miller's further contention that its efforts on plaintiff's behalf in this action "created" the funds at issue (*id.*). Notably, the partnership funds were in the receiver's hands before Dibble & Miller became attorney of record for plaintiff. The receiver was appointed on January 20, 2005, and the funds were in his account no later than February 6, 2006, when the Shults Creditors filed their UCC financing statement. Phillips Lytle did not move to withdraw as plaintiff's counsel until March 3, 2006, and plaintiff later retained Dibble & Miller. Under the circumstances, it cannot be said that the funds held by the receiver were created as a result of Dibble & Miller's legal services rendered to plaintiff, notwithstanding the fact that Dibble & Miller's efforts led to the settlement that established plaintiff's *rights* to the funds in question. As one observer has noted, "[i]f the collateral or its proceeds exist independent of the attorney's efforts . . . , equitable considerations cannot avoid the priority of a security interest created before the involvement of the attorney" (James N. Blair, Wolman Blair PLLC, Practice Insights, NY CLS, Book 36, UCC § 9-322, 2013 Cum Supp at 230).

Entered:  July 19, 2013                         Frances E. Cafarell
                                                Clerk of the Court