# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

86

CA 14-00022

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

IN THE MATTER OF HOGANWILLIG, PLLC,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

KAREN HENDEL, FORMERLY KNOWN AS KAREN REILLY,
NEW YORK STATE NURSES ASSOCIATION, COUNTY OF
ERIE AND ERIE COUNTY MEDICAL CENTER CORPORATION,
RESPONDENTS-RESPONDENTS.
(APPEAL NO. 1.)

---

HOGAN WILLIG, PLLC, AMHERST (STEVEN M. COHEN OF COUNSEL), FOR
PETITIONER-APPELLANT.

GROSS, SHUMAN, BRIZDLE & GILFILLAN, P.C., BUFFALO (KATHERINE LIEBNER
OF COUNSEL), FOR RESPONDENT-RESPONDENT KAREN HENDEL, FORMERLY KNOWN AS
KAREN REILLY.

---

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered October 22, 2013.  The order, inter alia, dismissed the petition.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Petitioner law firm commenced this proceeding seeking to enforce a charging lien and a contingency fee agreement with respect to proceeds of an arbitration award obtained by Karen Hendel (respondent), for whom one of petitioner's attorneys, Steven M. Cohen, Esq., performed legal services.  In appeal No. 1, petitioner appeals from an order that, inter alia, dismissed the petition and scheduled a hearing to determine the fair market value of the legal services rendered by Cohen.  The parties thereafter agreed that Supreme Court would decide petitioner's quantum meruit application based solely on the papers submitted by the parties, which included, inter alia, petitioner's billing records, an affirmation from Cohen, and an affidavit from respondent's counsel.  In appeal No. 2, petitioner appeals from an order and judgment in which the court, based on its review of the papers, awarded petitioner $19,294.95 in attorney's fees.  In appeal No. 3, petitioner appeals from an amended order and judgment issued by the court to clarify that the amount previously awarded to petitioner included $544.95 in disbursements.

As a preliminary matter, we note that petitioner's appeal from

the order and judgment in appeal No. 2 must be dismissed because that document was superseded by the amended order and judgment in appeal No. 3 (*see Matter of Eric D.* [appeal No. 1], 162 AD2d 1051, 1051). With respect to appeal No. 1, we conclude that the court properly denied the petition insofar as it sought a charging lien. It is well settled that only the attorney of record in a particular action is entitled to a charging lien pursuant to Judiciary Law § 475 (*see Rodriguez v City of New York*, 66 NY2d 825, 827; *Case v Case*, 108 AD3d 1169, 1171-1172). Thus, before an attorney may be granted a charging lien, "he or she must have appeared for the client by participating in a legal proceeding on the client's behalf or by having his [or her] name affixed to the pleadings, motions, records, briefs, or other papers submitted in the matter" (*Cataldo v Budget Rent A Car Corp.*, 226 AD2d 574, 574, *lv dismissed* 88 NY2d 1017, *lv denied* 89 NY2d 811 [internal quotation marks omitted]; *see Ebert v New York City Health & Hosps. Corp.*, 210 AD2d 292, 292-293, *lv denied* 85 NY2d 806). Here, neither Cohen nor any other lawyer associated with petitioner was respondent's attorney of record in the arbitration proceeding or the proceeding in Supreme Court to confirm the arbitration award. Although Cohen filed a motion to confirm the arbitration award on respondent's behalf, that motion was dismissed by the court because an identical motion had been filed by respondent's attorney of record. The mere fact that Cohen may have acted as an advisor to respondent or her attorney of record, or served in an "of counsel" capacity, is not sufficient to create a charging lien (*see Stinnett v Sears Roebuck & Co.*, 201 AD2d 362, 364; *Itar-Tass Russian News Agency v Russian Kurier, Inc.*, 140 F3d 442, 452).

We further conclude that the court properly denied the petition insofar as it sought to enforce the contingency fee agreement that respondent negotiated with petitioner. As the Court of Appeals recently noted, case law in New York "clearly provides that circumstances arising after contract formation can render a contingent fee agreement—not unconscionable when entered into—unenforceable where the amount of the fee, combined with the large percentage of the recovery it represents, seems disproportionate to the value of the services rendered" (*Lawrence v Graubard Miller*, 11 NY3d 588, 596; *see King v Fox*, 7 NY3d 181, 191). Here, respondent was awarded $1.23 million from her arbitration claim and, if the contingency fee agreement is enforced, petitioner would be entitled to more than $400,000 in attorney's fees. Considering the amount of legal work performed by petitioner on respondent's behalf, and the minimal risk that petitioner faced of not being paid for its services, we conclude that the amount sought by petitioner under the contingency fee agreement is " 'out of all proportion to the value of the professional services rendered' " (*King*, 7 NY3d at 191, quoting *Gair v Peck*, 6 NY2d 97, 106), and that the agreement therefore should not be enforced.

Finally, based on our review of the limited record in appeal No. 3, we see no basis to conclude that the court abused its discretion in awarding $19,294.95 to petitioner on its application for quantum meruit attorney's fees. Although respondent requests that we reduce the award significantly, we note that her contention is not properly before us because she did not cross-appeal (*see Matijiw v New York*

*Cent. Mut. Fire Ins. Co.*, 292 AD2d 865, 866).

Entered:  March 20, 2015                    Frances E. Cafarell
                                            Clerk of the Court