| **Vega v Brookfield Props. 9th Ave. LLC** |
|:---:|
| 2026 NY Slip Op 30672(U) |
| February 25, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 161231/2021 |
| Judge: Brendan T. Lantry |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     HON. BRENDAN T. LANTRY          PART                46M
_____
                                   *Justice*

-----------------------------------------------------------------------X

JESUS VEGA,                                    INDEX NO.          161231/2021

                          Plaintiff,          MOTION DATE        01/23/2026

            - v -                             MOTION SEQ. NO.        003

BROOKFIELD PROPERTIES 9TH AVENUE
LLC,BROOKFIELD PROPERTIES (USA) LLC,W.P. CAREY
INC.,BOP NE, LLC,BROOKFIELD PROPERTIES (USA II)       **DECISION + ORDER ON**
LLC,BENCHMARK BUILDERS, LLC,                              **MOTION**

                          Defendant.

-----------------------------------------------------------------------X

W.P. CAREY INC., BOP NE, LLC, BROOKFIELD              Third-Party
PROPERTIES (USA II) LLC                           Index No. 595454/2022

                          Plaintiff,

            -against-

BENCHMARK BUILDERS, LLC, BENHAR OFFICE
INTERIORS LLC, C&S WAREHOUSING, INC.

                          Defendant.
-----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 81, 82, 83, 84, 85

                                           ATTORNEY -
were read on this motion to/for      DISQUALIFY/RELIEVE/SUBSTITUTE/WITHDRAW    .

   Hecht, Kleeger & Damashek, P.C., ("Hecht Kleeger") seeks to be relieved as counsel for

Plaintiff Jesus Vega ("Plaintiff") pursuant to CPLR § 321, for a lien for disbursements and attorney

fees pursuant to Judiciary Law § 475, and for a stay of all proceedings in this action for a period

of 60 days from service of an Order with Notice of Entry.

   "An attorney of record may withdraw or be changed by order of the court in which the

action is pending, upon motion on such notice to the client of the withdrawing attorney, to the

attorneys of all other parties in the action or, if a party appears without an attorney, to the party,

**161231/2021   JESUS VEGA vs. BROOKFIELD PROPERTIES 9TH AVENUE LLC ET AL          Page 1 of 4**
  **Motion No.  003**

[* 1]

and to any other person, as the court may direct." *See* CPLR § 321(b)(2). An attorney seeking withdrawal "must demonstrate that good cause exists to end the relationship with the client, such as by showing an irretrievable breakdown in the relationship or a failure of cooperation by the client." *See Matter of Cassini¸* 182 AD3d 13 [2nd Dept, 2020]. Here, Hecht Kleeger seeks to withdraw as counsel for Plaintiff due to the deterioration of the attorney client relationship. *See* NYSCEF Doc. No. 82. Based upon this representation and counsel's further *ex parte* representations to the Court, the Court finds that Hecht Kleeger has made a sufficient showing of entitlement to withdraw as counsel for Plaintiff. Accordingly, this portion of Hecht Kleeger's motion is granted, without opposition.

"Where an attorney seeks leave to withdraw under CPLR § 321(b)(2), the court may stay proceedings pending the determination of the motion and after the determination." *See Id* at 127. The Court further finds that Hecht Kleeger's request for a 60 day stay is reasonable under the circumstances such as to provide Plaintiff with the opportunity to retain new counsel. Accordingly, this portion of Hecht Kleeger's motion is granted, without opposition.

"An attorney who is discharged without cause possesses a statutory charging lien for the services rendered in procuring a judgment, decree, or award for the client; this lien attaches to the client's cause of action, verdict, settlement, or judgment." *See Mello v. City of New York*, 303 AD2d 564 [2nd Dept, 2003]; Judiciary Law § 475. "[T]he charging lien does not merely give an attorney an enforceable right against the property of another, it gives the attorney an equitable ownership interest in the client's cause of action." *See Mello* at 472 (quoting *LMWT Realty Corp v. Davis Agency, Inc.*, 85 NY2d 462 [1995]). Here, Hecht Kleeger's discharge is without cause and counsel is therefore statutorily entitled to a lien for disbursements and attorney fees. Accordingly, this portion of Hecht Kleeger's motion is granted, without opposition.

**161231/2021   JESUS VEGA vs. BROOKFIELD PROPERTIES 9TH AVENUE LLC ET AL**          **Page 2 of 4**
   **Motion No.  003**

[* 2]                                    2 of 4

Accordingly, it is hereby

ORDERED that the motion of Hecht, Kleeger & Damashek, P.C., to be relieved as attorney for JESUS VEGA is granted without opposition upon filing of proof of compliance with the following conditions; and it is further

ORDERED that said attorney shall serve a copy of this order with notice of entry upon JESUS VEGA at his last known address by certified mail, return receipt requested, and upon the attorneys for all other parties appearing herein by posting to the New York State Courts Electronic Filing System; and it is further

ORDERED that, together with the copy of this order with notice of entry served upon JESUS VEGA, moving counsel shall forward a notice directing JESUS VEGA to appoint a substitute attorney within 30 days from the date of the mailing of the notice and the client shall comply therewith, except that, in the event Plaintiff intends instead to represent himself, he shall notify the Clerk of the Part of this decision in writing within said 30-day period; and it is further

ORDERED that any new attorney retained by Plaintiff file a notice of appearance with the Clerk of the General Clerk's Office and the Clerk of the Part within 60 days from the date the notice to retain new counsel is mailed; and it is further

ORDERED that no further proceedings may be taken against JESUS VEGA without leave of this court for a period of 60 days after service on JESUS VEGA of the aforesaid notice to appoint a substitute attorney; and it is further

ORDERED that the departing attorney shall, within 10 days from entry, serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office; and it further

ORDERED that such service upon the Clerk of the General Clerk's Office, the filing of a notice of appearance as provided herein, and the filing of papers as aforesaid shall be made in

accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

ORDERED that Hecht, Kleeger & Damashek, P.C. may enforce its statutory charging lien upon the proceeds of the lawsuit pursuant to Judiciary Law § 475.

This constitutes the Decision and Order of the Court.

| | | |
|---|---|---|
| **2/25/2026** | | **BRENDAN T. LANDRY, J.S.C.** |
| **DATE** | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**161231/2021   JESUS VEGA vs. BROOKFIELD PROPERTIES 9TH AVENUE LLC ET AL**          **Page 4 of 4**
**Motion No.  003**